**UNITED STATES, Appellee,**

v.

**Private First Class Wesley M. REXROAT, 334–68–9795, United States Army, Appellant.**

**ACMR 9102033.**

U.S. Army Court of Military Review.

8 Dec. 1992.

**710**

For Appellant: Captain David L. Thomas, JAGC (argued), Major Fran W. Walterhouse, JAGC, Captain Michael P. Moran, JAGC (on brief).

For Appellee: Major Joseph C. Swetnam, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before the Court Sitting EN BANC.

## OPINION OF THE COURT ON RECONSIDERATION

CREAN, Senior Judge:

The appellant was found guilty, by a general court-martial composed of officer and enlisted members, of absence without leave (two specifications), attempted larceny from a Navy Exchange, and uttering worthless checks (41 specifications), in violation of Articles 86, 80, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 880, and 923a (1982) [hereinafter UCMJ]. The convening authority approved the ad-

judged sentence of a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant was apprehended by security personnel of the U.S. Navy on 26 June 1991 and placed in the brig in Hawaii. The appellant's commander ordered him into pretrial confinement on 27 June 1991. Lieutenant Colonel (LTC) R, a unit commander not in the appellant's chain of command, conducted a probable-cause review of the commander's decision to order appellant into pretrial confinement on 28 June 1991, and determined that there was probable cause for the appellant's pretrial confinement. A second review of the appellant's pretrial confinement was performed on 3 July 1991, by a judge advocate military magistrate, pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 305(i) [hereinafter R.C.M.] and Army Regulation 27-10, Legal Services: Military Justice, Chapter 9 (22 Dec.1989) [hereinafter AR 27-10], who determined that continued pretrial confinement was warranted.

At trial, the appellant moved for appropriate relief, requesting five days' additional credit on the grounds that his pretrial confinement for the period from 28 June to 3 July was illegal. *See United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *aff'd*, 23 M.J. 246 (C.M.A.1986) (summary disposition). Specifically, he argued that LTC R's review of the commander's decision to confine him was constitutionally defective in two respects: (1) LTC R was not a neutral and detached magistrate as defined by AR 27-10 and as required by *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); and (2) the review was not conducted within forty-eight hours as required by *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The military judge denied the motion after determining that LTC R did qualify as a neutral and detached magistrate and that his review met the requisite constitutional standards.

Before this Court, the appellant has reasserted his constitutional challenge to the

legitimacy of the five-day pretrial incarceration period, augmenting it with the additional argument that LTC R was inherently disqualified to act as a neutral and detached magistrate since, as a commander, he performed prosecutorial or law enforcement duties. A panel of this Court heard oral argument and issued an opinion on 22 September 1992, which was withdrawn upon request for reconsideration by the government. This Court, sitting *en banc*, heard oral argument on 19 November 1992. We hold that LTC R's review of the appellant's pretrial confinement was deficient because he was not authorized under R.C.M. 305(i) and AR 27–10 to act as a magistrate for the review of pretrial confinement.

■ The Supreme Court determined that when an individual is placed in pretrial confinement:

> [T]he detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from unfounded interference with liberty. Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.

*Gerstein*, 420 U.S. at 114, 95 S.Ct. at 863.

The Court did not specify a particular procedure for accomplishing the probable cause review, but left that to each jurisdiction:

> [W]e recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole. While we limit our holding to the precise requirement of the Fourth Amendment, we recognize the desirability of flexibility and experimenta-

tion by the States. It may be found desirable, for example, to make the probable cause determination at the suspect's first appearance before a judicial officer, ... or the determination may be incorporated into the procedure for setting bail or fixing other conditions of pretrial release.... Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest.

*Gerstein*, 420 U.S. at 123–25, 95 S.Ct. at 868–69 (footnotes and citations omitted).

The requirement that there be a prompt probable cause determination for pretrial confinement by a neutral and detached official is applicable to trials by court-martial. *Courtney v. Williams*, 1 M.J. 267 (C.M.A. 1976).[1] In that case, the petitioner was placed in pretrial confinement by the commanding officer who exercised special court-martial convening authority over him. The Court of Military Appeals held that the decision to confine must be reviewed. The Court stated:

> The Code provides no procedure for reviewing the probable cause determination that is made by the person ordering arrest or confinement. While it provides that probable cause is needed to order arrest or confinement and while it enumerates those persons authorized to arrest or confine, it does not go that next step that is mandated by the Constitution.

*Id.* at 270 (footnotes omitted).

The Court then mandated the Constitutional requirement:

> We believe that those procedures required by the Fourth Amendment in the civilian community must also be required in the military community. We discern

---

1. The question of whether *Gerstein* should apply to the military, because, technically, in a military setting there is no warrantless arrest that leads to pretrial confinement, was never fully litigated. In most military situations, the offending soldier is apprehended by the military police and returned to the control of his commander. The commander then determines the

charges and the need for pretrial confinement. Accordingly, there is a probable cause determination for charges before confinement is authorized. However, since the requirement of *Gerstein* was held to apply to military criminal practice, and implementing procedures were subsequently established, the question of the applicability of *Gerstein* is now moot.

no considerations of military necessity that would require a different rule.

*Id.*

Thus, the Court of Military Appeals, in the *Courtney* decision, mandated that a decision based on probable cause to place a soldier in pretrial confinement, whether that decision was made by a commander or a law enforcement official, must be reviewed by a neutral and detached magistrate.

■ The President, pursuant to his authority to prescribe court-martial procedure,[2] promulgated R.C.M. 305(i)[3] to provide the review of the decision to place a soldier in pretrial confinement. This provision sets forth a procedure to accomplish two tasks: a probable cause determination concerning whether the accused could be confined; and, a determination whether the accused should continue to remain confined. The review is to be performed within seven days, R.C.M. 305(i)(1), by an individual designated by the respective service Secretaries, R.C.M. 305(i)(2). While the Secretary of the Army could have provided that the review be conducted by a wide range of neutral and detached individuals, he designated, in AR 27–10, that the authority, in the Army, to perform the probable cause review of a decision to place a soldier in pretrial confinement, rests only with a military judge or military magistrate.

The Supreme Court, in *County of Riverside v. McLaughlin,* subsequently defined the timing of a prompt review. In determining that a prompt, but not an immediate review, was required, the Court held:

Our task in this case is to articulate more clearly the boundaries of what is permissible under the Fourth Amendment. Al-

though we hesitate to announce that the Constitution compels a specific time limit, it is important to provide some degree of certainty so that States and counties may establish procedures with confidence that they fall within constitutional bounds. Taking into account the competing interests articulated in *Gerstein,* we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein.*

*County of Riverside v. McLaughlin,* 500 U.S. at —, 111 S.Ct. at 1670, 114 L.Ed.2d at 62–63.[4]

Accordingly, we hold that the seven-day time requirement for the review of probable cause for pretrial confinement as required by R.C.M. 305(i)(1) will not pass constitutional muster since the review must now be performed within forty-eight hours.

■ The result of this precedent is that the decision to place a soldier in pretrial confinement must be reviewed by a neutral and detached magistrate within forty-eight hours. In the Army, the neutral and detached magistrate is a military judge or a judge advocate appointed as a military magistrate under Chapter 9, AR 27–10.

■ Realizing that the Supreme Court had established a new timeline for the probable cause review of pretrial confinement, the Office of The Army Judge Advocate General sent an electronic message to Army judge advocates informing them of the applicability of *McLaughlin* to the Army and advising them how to implement the decision.[5] This message clearly indicates that the Army Judge Advocate General's understanding that the Supreme Court had implemented a forty-eight hour require-

---

2. UCMJ art. 36.

3. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) analysis, app. 21, at A21–16.

4. Justices Marshall, Blackmun, and Stevens, in dissenting, would have affirmed the Ninth Circuit Court of Appeals opinion providing for a pretrial confinement review within thirty-six hours. *McLaughlin,* 500 U.S. at —, 111 S.Ct. at 1671, 114 L.Ed.2d at 64. Justice Scalia, in his dissent, would have required a review within

twenty-four hours. 500 U.S. —, 111 S.Ct. at 1671, 114 L.Ed.2d at 65. Therefore, the forty-eight-hour rule is not as stringent as it may first appear.

5. Message 241900Z May 91

For SJA/JA/TDS/Mil Judge Legal Counsel
Subject: Prompt determination of Probable Cause for Pretrial Confinement
1. In *Riverside County, California v. McLaughlin,* 49 Crim:L.Rptr. (BNA) 2104 (U.S. May 13, 1991), the Supreme Court held that within 48 hours of a warrantless arrest

ment for the probable cause review for pretrial confinement which was binding on military criminal procedure. Based on the guidance in this message, LTC R was designated by his command to be the neutral and detached commander to perform the pretrial confinement probable cause review within forty-eight hours. Lieutenant Colonel R and his command followed The Judge Advocate General's guidance exactly and did everything that they reasonably could to comply with the message's guidance.[6] However, we find that the guidance from the Office of The Judge Advocate General was flawed.

█ The Supreme Court did not require a totally new or different procedure for the review of pretrial confinement. The holding of *McLaughlin* merely decided the issue of what constituted a "prompt review" by delineating a forty-eight hour period. Therefore, its only effect on military procedure was to replace the seven-day rule of R.C.M. 305(i) with a forty-eight hour rule. The message from the Office of The Judge Advocate General went further and purported to authorize an additional change that affected *who* could conduct the probable cause review. We believe The Judge Advocate General did not have the authority to do this.[7]

█ Under R.C.M. 305(i)(2), the President established that pretrial confinement

there must be a neutral and detached determination of probable cause as required by *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In those circumstances where the neutral review is not conducted within 48 hours, including weekends and holidays, the continued detention of the suspect will be presumptively unreasonable. The Court permits the probable cause review to be combined with other pretrial proceedings, but it must nevertheless be conducted within 48 hours of the warrantless arrest.

2. R.C.M. 305(h) provides for a neutral and detached review of pretrial confinement decisions within 7 days of the imposition of confinement. Because R.C.M. 305(h) was intended to provide the prompt review mandated by *Gerstein v. Pugh*, it is clear that the Court's 48 hour rule will impact upon military procedure.

3. Pending formal changes, SJA's should ensure that pretrial confinement determinations are subject to a neutral and detached probable cause review within 48 hours. The following are suggested as possible methods of providing this review.

A. A neutral and detached commander (not an accuser) should review the probable cause determination. If an immediate commander is an accuser, the next superior commander may be called upon to determine the basis for pretrial confinement, including a neutral review of probable cause. See Judge Everett's separate opinion in *United States v. Sharrock*, 32 M.J. 326, 332–33 (C.M.A.1991).

B. In those jurisdictions requiring approval of pretrial confinement by the convening authority or a designee such as the Staff Judge Advocate, the official approving the commander's pretrial confinement decision may conduct a neutral review of the probable cause determination.

C. Where review at a confinement facility is not likely within 48 hours, part-time military magistrates may be asked to review the probable cause determination as part of the initial pretrial confinement processing at the installation.

4. The foregoing are not intended as substitutes for review procedures currently required by the Manual for Courts–Martial, Army Regulation 27–10, command regulations, or confinement facility procedures. They are offered only as suggestions to facilitate complying with the Supreme Court's 48 hour requirement.

5. Finally, a review required by R.C.M. 305(h) which is conducted within 48 hours of pretrial confinement will satisfy the burden imposed on the government. Staff Judge Advocates may wish to consider whether an adequate number of neutral reviewing officials are available to accommodate reviews within 48 hours.

We note that the message refers to R.C.M. 305(h). This section deals with the commander's justification within 72 hours of his decision to confine a soldier prior to trial. The reference to 305(h) is an error and the correct citation for the review mandated by *Gerstein* is R.C.M. 305(i).

6. There is no evidence before this Court as to LTC R's authority and whether his determination was final. Neither the government nor the appellant could provide us with the limits of his authority. However, we will assume for purposes of this opinion that his decision was final similar to a decision by a military magistrate under Chapter 9, AR 27–10.

7. We need not decide whether a commander could be appointed to conduct the review of pretrial confinement. The *Gerstein* requirement is for a detached judicial determination of probable cause for confinement by a neutral official. The reviewing official need not be a lawyer. *Shadwick v. City of Tampa*, 407 U.S. 345, 92

reviews "shall be made by a neutral and detached officer in accordance with regulations prescribed by the Secretary concerned." R.C.M. 305(i)(2). In Chapter 9, AR 27–10, the Secretary of the Army provided that the individuals authorized to conduct a pretrial confinement probable cause review as required by R.C.M. 305(i) were judge advocates appointed as military magistrates. *See* AR 27–10, paras. 9–1(d) and (e). Lieutenant Colonel R may have been a neutral and detached magistrate to satisfy the Fourth Amendment constitutional requirement as outlined in *Gerstein* and *McLaughlin*, but he does not satisfy the due process procedural requirements of R.C.M. 305(i) and Chapter 9, AR 27–10. Accordingly, we hold that under the present regulatory and procedural rules, the only individuals who can perform a probable cause review of pretrial confinement and satisfy constitutional, procedural, and regulatory requirements are military judges and military magistrates conducting reviews under R.C.M. 305(i) within forty-eight hours of confinement.[8]

Our brother, Senior Judge De Giulio, in dissenting, asserts that the appellant received a probable cause review of his confinement when the commander, pursuant to R.C.M. 304(c) and 305(d), decided to place the appellant in pretrial confinement. In addition, he asserts that LTC R's review was sufficient to meet the requirements of *McLaughlin* since he was *capable* of performing the review. However, it is the commander's decision to place the appellant in pretrial confinement that *Courtney v. Williams* mandates be reviewed. We agree that LTC R was *capable* of making the probable cause review, however, he was not *authorized* to perform the review under R.C.M. 305(i) and Chapter 9, AR 27–10. The view of our brother, Judge Johnston, was rejected by the Court of Military Appeals in *Courtney*. In that case, the Court held that the commander's decision to confine, while based on probable cause, must be reviewed by a neutral and detached judicial official. The *Courtney* decision is controlling on the need for a review of the commander's decision to confine, and *McLaughlin* merely moved that review to forty-eight hours.

The President, of course, has the authority to change the procedure and the Secretary of the Army can designate a different category of neutral and detached persons to conduct the review. However, we do not advocate such a change. The present system of using military magistrates designated under Chapter 9, AR 27–10, has worked well and protects the interests of both the accused soldier and the command.[9] The only change required is for the R.C.M. 305(i) review to be conduct-

---

S.Ct. 2119, 32 L.Ed.2d 783 (1972). If an individual is performing a prosecutorial function, he cannot be a neutral and detached magistrate. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The Court of Military Appeals has permitted three categories of persons to conduct a pretrial confinement probable cause review: a military judge, a military magistrate, and a person authorized by the Code to confine who is not directly or particularly involved in the command's law enforcement function. *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982); *see also United States v. Lopez*, 35 M.J. 35 (C.M.A.1992) (Though the authorizing official must be neutral and detached, there is no constitutional requirement that the person have some minimal legal or educational qualifications, or even that the issuing authority be a lawyer). *But see United States v. Ezell*, 6 M.J. 307 (C.M.A.1979); *United States v. Stuckey*, 10 M.J. 347 (C.M.A.1981). We also note that at least one author has advocated the appointment of only lawyers as military magistrates. Owens, *A Hard Look at the Military Magistrate pretrial*

*confinement Hearing: Gerstein and Courtney revisited.* 88 Mil.L.Rev. 3 (1980).

**8.** The Constitutional requirement extends only to a prompt probable cause review of pretrial confinement. It does not reach the determination whether the accused should remain in pretrial confinement. However, since the President has promulgated a procedure that incorporates both the probable cause determination and "the remain in confinement" determination in the same review, the practical effect is the same. The review of both determinations must be accomplished according to court-martial procedure within 48 hours.

**9.** The Supreme Court established a two-part test for determining whether the qualifications ·of individuals performing magisterial functions meet Fourth Amendment standards. Not only must they be neutral and detached, but they must also be capable of making the probable cause determination. That is, not only must they be independent but they must also possess

ed within forty-eight hours rather than seven days. This may be an inconsequential change since many court-martial jurisdictions already conduct a review of the pretrial confinement decision shortly after the soldier is placed in confinement. We see no reason why a judge advocate military magistrate cannot conduct such a review within forty-eight hours. It is neither uncommon nor unduly burdensome for soldiers to work irregular hours in the performance of official duties. We are confident that a judge advocate military magistrate can be made available to conduct a review within the forty-eight hour time limit.

The findings of guilty and the sentence are affirmed. The appellant is granted five days' credit towards his sentence to confinement. Since this Court was advised that the appellant was due for release from confinement on 4 December 1992, an Order of the Court was issued on 20 November 1992 granting him the five days' credit.

Chief Judge GRAY, Senior Judge JOHNSON, Judge ARKOW, Judge WERNER, Judge GRAVELLE, Judge WALCZAK, and Judge GONZALES concur.

Judge DELL'ORTO did not participate in the decision of the case.

DE GIULIO, Senior Judge, with whom Senior Judge NAUGHTON joins, dissenting in part:

I dissent from the holding that a probable cause review of appellant's confinement was not conducted within forty-eight hours, as required by *County of Riverside v. McLaughlin,* 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and as applied to the military by *Courtney v. Williams,* 1 M.J. 267 (C.M.A.1976). I specifically disagree with the conclusion that military judges and military magistrates are the only individuals capable of performing a valid probable cause review of pretrial confinement. I also disagree with the assumption that the procedure set forth in R.C.M. 305(i) is the sole procedure available in the military for accomplishing a probable cause review of confinement. I agree that the findings of guilty and the sentence should be affirmed.

In *Gerstein v. Pugh,* the United States Supreme Court held that a person arrested without warrant and held for trial on an information is entitled to a prompt judicial determination of probable cause by a neutral and detached magistrate, under the Fourth Amendment to the Constitution. The person making this determination does not necessarily have to be an attorney, but must be independent from the police or prosecution. *Gerstein,* 420 U.S. at 118, 95 S.Ct. at 865. *McLaughlin* defined a prompt review as one conducted within forty-eight hours. *McLaughlin* 500 U.S. at ——, 111 S.Ct. at 1670, 114 L.Ed.2d at 63.

In *Courtney,* the United States Court of Military Appeals applied the requirements

---

sufficient legal training to render reasoned decisions based upon the information presented to them. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One federal court has noted:

> The Supreme Court has recognized that search warrants "have long been issued by persons who are neither lawyers nor judges," and noted that probable cause involves a "nontechnical, common-sense judgment of laymen." Yet, at least one commentator cautions against permitting what may have been tolerated in earlier times "because of the unavailability of law-trained judicial personnel" to permanently establish the boundaries of the Fourth Amendment. The shortcomings of permitting nonlawyers to issue warrants include: (1) the increasing legal complexity of search and seizure law; (2) the danger of nonlawyers relying on law enforcement personnel for guidance; and (3) the Supreme Court's recent reliance on magistrate's "good faith" in issuing warrants.

*United States v. Martinez–Zayas,* 857 F.2d 122, 134 n. 8 (3d Cir.1988) (citations omitted). *See also North v. Russell,* 419 U.S. 1085, 95 S.Ct. 673, 42 L.Ed.2d 677 (1976).

Historically, the military justice system has employed nonlawyer commissioned officers in magisterial or quasi-judicial roles to a greater extent than civilian practice. Since nonlawyers receive limited training in constitutional law and military justice, it is not inconceivable that challenges to their capability to render reasoned legal magisterial decisions, such as probable cause to place a soldier in pretrial confinement, may be made. The prospect of such assaults succeeding on appeal are considerably greater when the magistrate has either limited or no legal training.

of *Gerstein* to the military.[1] 1 M.J. at 270. Chief Judge Fletcher further stated that since the military did not have a bail system, "a neutral and detached magistrate must decide more than the probable cause question. A magistrate must decide if a person could be detained and should be detained." *Courtney*, 1 M.J. at 271. Although the analysis of R.C.M. 305(i) indicates the rule was promulgated to comply with *Gerstein*, that conclusion may be faulty. For the Army, at least, R.C.M. 305(i) arose from the pilot magistrate program, which was established to comply with the Bail Reform Act of 1966, 18 U.S.C. § 3152(2). The pilot magistrate program was in existence prior to *Courtney*. *See Courtney*, 1 M.J. at 271 n. 14.

Unlike the civilian system, in the military a soldier is not placed in pretrial confinement by police officials. Several probable cause determinations are made for pretrial confinement. Only a commanding officer, to whose authority an officer is subject, can order pretrial confinement of an officer. *See* R.C.M. 304(b)(1) and 305(c). Only an officer can order enlisted personnel into pretrial confinement. R.C.M. 304(b)(2) and 305(c). Probable cause is required for pretrial confinement, and the officer ordering pretrial confinement must make that probable cause determination. *See* R.C.M. 304(c) and 305(d). If the officer ordering pretrial confinement is not the commanding officer of the prisoner, a report must be made to the commanding officer who must make another probable cause determination. *See* R.C.M. 305(h). A determination to continue pretrial confinement must be placed in a memorandum with supporting documentation and forwarded to another officer for

what is essentially another probable cause determination under R.C.M. 305(i). It is this latter determination which my brothers require to satisfy *Gerstein*, and it is that with which I disagree.

The probable cause determination made by the officer who initially orders a soldier into confinement or any of the probable cause determinations discussed in the previous paragraph are sufficient to satisfy the *Gerstein* and *McLaughlin* requirements so long as the officer making the determination is neutral and detached. It has been held that a commanding officer of a soldier is neutral and detached. *See United States v. Lopez*, 35 M.J. 35 (C.M.A. 1992); *see also United States v. Ezell*, 6 M.J. 307 (C.M.A.1979).

In the case before us, as evidenced by the record and the stipulation of appellant and counsel at trial, appellant's absence without leave was terminated on 26 June 1991 by his apprehension by military police at the Navy exchange. Appellant was placed in pretrial confinement on 27 June 1991 by his commanding officer.[2] On 28 June 1991, LTC R conducted a "neutral and detached" review of appellant's confinement, and determined that probable cause existed to believe that the accused had committed offenses under the Uniform Code of Military Justice, and that continued pretrial confinement was justified. On 3 July 1991, appellant's commanding officer prepared the memorandum required by R.C.M. 305(h)(2)(C). On 3 July 1991, the military magistrate found probable cause to continue pretrial confinement, after a determination pursuant to R.C.M. 305(i) and AR 27–10.

---

1. An argument can be made that the probable cause to apprehend requirement of the Fourth Amendment is an exception that does not apply to the military. Rule For Courts–Martial 305(m) provides exceptions when a hearing by a magistrate is not required. Those exceptions are for operational necessity and aboard ships at sea. If the requirement is truly constitutional, it should apply in those instances. *But see Courtney*, 1 M.J. at 270. In addition, part of the reason for the probable cause determination as set forth in *Gerstein;* i.e., pretrial confinement may imperil the suspect's job and interrupt his source of income, does not exist in the military

service. *See* R.C.M. 305 analysis at A21–14.2. Additionally, the initial probable cause determination may be equivalent to a warrant, and thus *Gerstein* would not apply. Perhaps the Court of Military Appeals will reexamine the holding in *Courtney*.

2. Under R.C.M. 305(d), a commander may not order pretrial confinement unless there is probable cause to order such confinement. Appellant has never contended that his commander did not make such a determination prior to confinement.

I would hold that the probable cause determination made by appellant's commander the day following the appellant's apprehension was sufficient to satisfy the *Gerstein* and *McLaughlin* requirement. Further, a probable cause determination was also made by LTC R the next day. After reviewing the entire record, I find nothing that would disqualify LTC R from making the probable cause determination required by *Gerstein*. The determination was made within forty-eight hours of confinement, and *McLaughlin* was also satisfied.

The majority's opinion appears to rest on a doctrine of preemption, i.e., that R.C.M. 305(i) provides the exclusive means of compliance with the Fourth Amendment requirement for a judicial determination of probable cause. This interpretation ignores the fact that R.C.M. 305(i) is a *review* of prior probable cause determinations. I assume it could be termed as an "Army due process" requirement with noncompliance resulting in illegal confinement. Appellant in this case received his R.C.M. 305(i) review, and "Army due process" was satisfied.

In arriving at its holding in this case, the majority states that:

> While the Secretary of the Army could have provided that the review be conducted by a wide range of neutral and detached individuals, he designated, in Army Regulation 27–10, that the authority, in the Army, to perform the probable cause review of a decision to place a soldier in pretrial confinement rests *only* with a military judge or military magistrate.

At 712 [emphasis added]. I disagree with that interpretation. The relevant paragraphs of AR 27–10 provide:

> d. A military magistrate is a JA [judge advocate] empowered to direct the release of persons from pretrial confinement, or to recommend release from con-

finement pending final disposition of foreign criminal charges, on a determination that continued confinement does not meet legal requirements, and to issue search and seizure authorizations on probable cause.

> e. An assigned military magistrate is a JA appointed by TJAG [The Judge Advocate General] or TJAG's designee and assigned to USALSA [US Army Legal Services Agency], a military judge assigned to the U.S. Army Judiciary, or an individual mobilization augmentee ordered to annual training with duty as a military judge.

AR 27–10, paras. 9–1(d) and (e). These paragraphs merely define the powers of a military magistrate. I find nothing in these provisions which limits pretrial probable cause review to only military magistrates.[3] Absent such a restriction, a convening authority is authorized to appoint officers as he sees fit to fulfill military justice responsibilities. *See generally* Army Reg. 600–20, Personnel: General Army Command Policy, paras. 1–4 and 1–5 (30 Mar. 1988).

The majority's opinion further states that "Lieutenant Colonel R may have been a neutral and detached magistrate to satisfy the Fourth Amendment constitutional requirement as outlined in *Gerstein* and *McLaughlin,* but he does not satisfy the due process procedural requirements of R.C.M. 305(i) and Chapter 9, AR 27–10." At 714. If the Manual for Courts–Martial and Army regulations create due process requirements which exist independent of constitutional requirements, then there is no requirement that those separate due process requirements be met within the forty-eight hour limit set forth in *McLaughlin.* R.C.M. 305(i) establishes a requirement that pretrial confinement be reviewed by a military magistrate within seven days, as was done in appellant's case.[4]

---

3. Indeed, as stated earlier in this dissent, any officer ordering pretrial confinement must make a probable cause determination pursuant to R.C.M. 305(d).

4. I am concerned that this Court has entered the area of establishing policy by advocating no change in personnel appointed as magistrates and using the implied threat of possible reversal on appellate review if nonlawyers are appointed to perform this function. I mention this only to

I would hold that the appellant received both a prompt probable cause determination under *Gerstein* and *McLaughlin,* and a timely review of that determination under R.C.M. 305(i), and is entitled to no further sentence credit. Accordingly, I dissent.

JOHNSTON, Judge, with whom Judge BAKER joins, dissenting in part:

I concur with Senior Judge De Giulio's dissent, but desire to make additional comments. We need not reach the issue seized upon by the majority—the lack of authority for LTC R to review within 48 hours the probable cause prong of the confinement decision. We should focus instead upon the constitutional issue—did the probable cause determination, made by the appellant's commanding officer before confinement was imposed, meet the prompt review requirement of *Gerstein* and *McLaughlin?*

In this case the appellant, a soldier who had been dropped from the rolls of his unit as a deserter, was detained at 1700 hours on 26 June 1991 by a Pearl Harbor Navy Exchange employee based on a reasonable belief that the accused had stolen a small television, CD player, and a VHS recorder from the Exchange. He was turned over to military police who began to investigate his offenses. Under questioning, the appellant admitted that he wanted to quit the Army, and that he absented himself from his unit when they "would not let him out."

On 27 June 1991, his company commander, a neutral and detached officer, reviewed all the circumstances of the case, determined that probable cause existed to further detain the appellant (i.e., that he could be detained), and ordered that he be confined in the local military confinement facility (i.e., that he should be detained). The confinement decision was reviewed within 48 hours by LTC R, a special court-martial convening authority not in the chain of command. The decision was further reviewed within seven days by the military magistrate. Both properly found that

probable cause existed to confine and that further confinement was necessary.

This case is before the Court sitting *en banc* because of a conflict with a prior decision by another panel of this Court. Judge Naughton and I examined this same issue in *United States v. Booth,* ACMR 9102787 (A.C.M.R. 27 Jul. 1992) (unpub.). We carefully considered the same assignment of error, the same legal briefs, the same arguments, and the same citations to authority. We concluded the assigned error was totally lacking in merit and was unworthy of a written opinion, as the appellant was attempting to equate entirely different concepts under the Fourth and Fifth Amendments.

How is it, then, that the Court sitting *en banc* has viewed the issue differently? I fear it is because our brothers have compared apples and oranges, as it were, and exalted form over substance. There is a material difference between: (a) an initial prompt, fair, and reliable determination of probable cause by a judicial officer; and, (b) the subsequent judicial review of a commanding officer's prior probable cause determination.

**I.**

We agree with the majority that in *Gerstein v. Pugh* the Supreme Court held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint of liberty *following warrantless arrest.* We all agree that *Gerstein* allowed flexibility to the various jurisdictions in implementing the review requirement. Indeed, in the majority opinion, our brothers cite that portion of the language from the Supreme Court opinion that the procedures adopted by the various jurisdictions: "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."

---

emphasize that the UCMJ permits nonlawyers to perform numerous judicial functions. Indeed, it has been said that the convening authority, rarely a lawyer, is the most powerful judicial officer in the military justice system. In any event, this Court should stick to its business under Article 66, UCMJ, rather than resort to this type of obiter dictum. ·

*Gerstein,* 420 U.S. at 123–25, 95 S.Ct. at 868–69.

We all agree that the "prompt" review requirement of *Gerstein* generally will be met if a jurisdiction provided a judicial determination of probable cause within 48 hours of a warrantless arrest. *McLaughlin,* 500 U.S. at ——, 111 S.Ct. at 1670, 114 L.Ed.2d at 63 (1992). We are also in agreement that *Gerstein* and *McLaughlin* apply to the military.

We are in disagreement as to how the constitutional concepts apply in this case where a neutral and detached commanding officer, acting pursuant to his statutory authority under Article 9, UCMJ, made a correct determination of probable cause *prior* to ordering the accused into pretrial confinement.

### A.

In order to resolve our different views of the appellant's issue, we must examine the differences and similarities between civilian and military cases. In civilian society, there is no question that an individual who is arrested without a warrant by the police must be taken before a judicial official "promptly," i.e., within 48 hours for a determination of probable cause. The military counterpart to this situation occurs when a soldier is ordered in arrest or confinement by an authorized person other than a neutral and detached commander.[1] *See* UCMJ arts. 7 and 9. I am satisfied that a soldier in these circumstances also must be the recipient of a prompt review of the decision to restrain.

The situation in the case at bar, however, is more akin to the preliminary hearing in civilian society where a judicial official determines that probable cause exists to continue the detention of the person seized at the time of the warrantless arrest. In the civilian system, the suspected criminal is detained, turned over to the police investigators, and evidence is gathered. He then has an appearance before a magistrate where a determination of probable cause is made before continued detention is permissible.

Military case law indicates that a commanding officer can be neutral and detached for making determinations of probable cause. *See United States v. Lopez,* 35 M.J. 35 (C.M.A.1992). There is no constitutional requirement that the person determining probable cause have some minimal legal or educational qualifications, or even that the issuing authority be a lawyer. *Shadwick v. City of Tampa,* 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). The Court of Military Appeals has previously said that a commanding officer is not disqualified from being neutral and detached merely because he was aware of the accused's prior record of conduct. *United States v. Rushing,* 11 M.J. 95 (C.M.A.1981).

In this case, a neutral and detached commanding officer made a probable cause determination before he authorized pretrial confinement. In our view, an additional review of the probable cause determination by the neutral and detached official, whether a magistrate in the civilian system or a commander in the military system, is not mandated by *Gerstein* or *McLaughlin.*

### B.

Our brothers rely on *Courtney v. Williams* for the proposition that the neutral and detached commanding officer's decision that probable cause existed should have been further reviewed to pass constitutional muster. *Courtney,* however, concerned a due process challenge under the Fifth Amendment to a military justice system that made no provision at all for the judicial review of a pretrial confinement decision. The appellant in that case, who was pending a court-martial for two unauthorized absences, attempted to challenge the legality of his pretrial confinement based upon a subsequent assault. At trial the military judge ruled that he had no

---

1. Although the civilian detention is termed an "warrantless arrest" and the latter, depending upon the circumstances and the authority of those involved, may be termed "apprehension," "arrest," or "confinement," the constitutional requirement is the same: a prompt (generally within 48 hours) judicial review of probable cause pursuant to the constitutional standards enunciated in *Gerstein* and *McLaughlin* before continued detention is permissible.

720

authority to review the pretrial confinement decision.

In reviewing a petition for extraordinary relief filed in *Courtney*, Chief Judge Fletcher sought to establish a rule for the review of both prongs of the confinement decision. The problem as he saw it was that "The Code provides no procedure for reviewing *the probable cause determination* that is made by the person ordering arrest or confinement." *Courtney*, at 270 (emphasis added). It should be noted that there is a significant difference between *reviewing* the probable cause determination and *making an initial probable cause determination*.

My brother, Senior Judge Crean, interprets *Courtney* too broadly in applying it to the case at bar. *Courtney* should be interpreted for what it intended—a military due process review of both prongs of the confinement decision. Neither the Fourth Amendment nor the decisions in *Gerstein* and *McLaughlin*, however, mandate a further review of a neutral and detached commanding officer's probable cause determination made prior to ordering a soldier into pretrial confinement.

## II.

The majority opinion purports to establish a new rule for the Army based upon the 48-hour standard in *McLaughlin*. They go too far. The proper impact of *McLaughlin* on our practice is to change the 72-hour standard in R.C.M. 305(h)(2) to one of 48 hours and to specify that the confining commander or the reviewing commander be neutral and detached.