UNITED STATES, Appellee,

v.

**Staff Sergeant James M. McLEOD, 255–31–4672, United States Army, Appellant.**

**ACMR 9102729.**

U.S. Army Court of Military Review.

17 Dec. 1992.

and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 925, and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for eight months, and reduction to Private E1. The convening authority approved the adjudged sentence.

Appellant contends in this appeal that his rights under the Fourth Amendment were violated because he did not receive a prompt judicial determination of "probable cause" as a prerequisite to his extended pretrial detention. He claims that his pretrial confinement was not reviewed by a military magistrate within forty-eight hours. To support his argument, appellant relies on the recent Supreme Court decision in *County of Riverside v. McLaughlin*, —— U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), which held that there must be a "probable cause" review by a neutral and detached judicial official, within forty-eight hours of the commencement of the confinement.

This Court, sitting en banc, recently held that a military magistrate must conduct a probable cause review of pretrial confinement under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.] within forty-eight hours of the commencement of pretrial confinement to meet the requirements of the Fourth Amendment, the Manual for Courts–Martial, and Army regulations. *United States v. Rexroat*, 36 M.J. 708 (A.C.M.R.1992).

Appellant was ordered into pretrial confinement on 29 August 1991 by his company commander. Prior to appellant's entrance into confinement, the request for pretrial confinement was reviewed by the Staff Judge Advocate, and reviewed and approved by appellant's brigade commander in accordance with the local command's regulatory requirements.[1] A military magistrate, who was a judge advocate, conducted a probable cause review under R.C.M.

For Appellant: Captain David L. Thomas, JAGC (argued); Captain Michael P. Moran, JAGC (on brief); Major Fran W. Walterhouse, JAGC.

For Appellee: Captain Glenn L. Kirschner, JAGC (argued); Colonel Dayton M. Cramer, JAGC; Lieutenant Colonel Daniel J. Dell'Orto, JAGC; Major Timothy W. Lucas, JAGC; Captain Gregory T. Baldwin, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

*Opinion of the Court*

ARKOW, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, appellant was convicted of willfully disobeying a superior commissioned officer (one specification), violating a lawful general regulation (nine specifications), sodomy (two specifications), wrongfully loaning a military identification card (one specification), adultery (two specifications), and obstruction of justice (one specification), in violation of Articles 90, 92, 125,

1. One of the reasons for the confinement was appellant's violation of his commander's orders to refrain from contacting students with whom he had an improper instructor-student relationship and who were potential witnesses against

him. Under these facts, we find appellant's chain of command could not in any event provide an impartial review of the pretrial confinement.

305(i) on 3 September 1991, five days after appellant was confined.

The government contends that the review conducted by appellant's brigade commander complied with the requirements for judicial determination of probable cause as required by *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and that therefore the review was conducted within forty-eight hours in accordance with *County of Riverside v. McLaughlin.* We disagree.

■ The Secretary of the Army, in Army Regulation 27–10, Legal Services: Military Justice, Chapter 9, para. 9–1(d) and (e), provided that the only individuals authorized to conduct a pretrial confinement probable cause review which would meet the Fourth Amendment requirements, as required by *Gerstein* and *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976), were judge advocates appointed as military magistrates. Here, neither the staff judge advocate nor appellant's brigade commander were so appointed. Because a military magistrate did not review appellant's pretrial confinement within forty-eight hours, appellant should have received three days additional credit towards his sentence to confinement. *See Rexroat*, 36 M.J. at 712.[2]

We note that appellant served that portion of the adjudged confinement from 14 November 1991 to 20 March 1992 when he was placed in an involuntary excess leave status. Thus, he actually served four months and four days of the eight months' adjudged confinement. Accordingly, we cannot take remedial action on the confinement portion of the sentence.

■ The three days' credit due appellant is, under the circumstances of the case, *de minimis.* In view of the egregious nature of the offenses of which appellant has been found guilty, we find that the remaining portion of the sentence, a bad-conduct discharge, is entirely appropriate. Accordingly, we will let the bad-conduct discharge

2. Appellant did not raise the issue at trial. It was raised for the first time only after appellant

stand. *See United States v. Suzuki*, 14 M.J. 491 (C.M.A.), *on remand*, 16 M.J. 621 (A.F.C.M.R.1983).

■ Appellant also contends that the military judge erred by failing to grant a defense motion to find Specification 6 of Charge V (obstruction of justice) multiplicious for sentencing with Charge VI and its Specification (willfully disobeying a superior commissioned officer) and that the military judge failed, *sua sponte*, to dismiss Charge VI as multiplicious for findings, when the factual allegations in support of Specification 6 of Charge V are duplicated within Charge VI and its Specification. The government concedes that they are multiplicious for sentencing but contends that they are not multiplicious for findings. We agree. *See United States v. Holt*, 16 M.J. 393 (C.M.A.1983).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the error noted, and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is affirmed.

Judge WALCZAK concurs.

De GIULIO, Senior Judge (concurring in part, dissenting in part):

For the reasons given in my dissent in *United States v. Rexroat*, 36 M.J. 708, 715 (A.C.M.R.1992), I dissent from that part of the majority's opinion which holds that a timely probable cause review was not conducted in appellant's case. I concur with the holding that the obstruction of justice specification and the willful disobedience of an order specifications are multiplicious for sentencing. I also agree that the findings of guilty and the sentence should be affirmed.

In the case before us, appellant was placed in pretrial confinement after a probable cause determination by his commanding officer on 29 August 1991. Charges were not yet preferred, and a review of the confinement check list contained in the allied papers to the record of trial reveals no

already served his confinement.

indication that the commander's decision was not impartial. On 30 August 1991, charges were preferred. One of the charges was for willful disobedience of the order of the commanding officer. On 30 August 1991, appellant's commanding officer prepared the memorandum required by R.C.M. 305(h)(2)(C). In addition, on 30 August 1991, appellant's brigade commander, a special court-martial convening authority, made a probable cause determination for appellant's pretrial confinement. On 3 September 1991, the military magistrate found probable cause to continue pretrial confinement, after a determination pursuant to R.C.M. 305(i) and AR 27-10.

Each probable cause determination was sufficient to satisfy the requirement for a probable cause determination under *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Although normally qualified to make that determination, in this case the unit commander may well not have been neutral and detached because of the offense of willful disobedience of his order. *Cf. United States v. Marsh*, 11 C.M.R. 48 (C.M.A.1953). Nevertheless, the pretrial confinement remained proper because of the probable cause determination made by the brigade commander. After reviewing the entire record, I find nothing that would disqualify him from making the probable cause determination required by *Gerstein*. The determination was made within forty-eight hours of confinement, and *McLaughlin* was also satisfied.