UNITED STATES, Appellee,

v.

Private E2 Veronda K. SANDERS, 458–11–8131, United States Army, Appellant.

ACMR 9200993.

U.S. Army Court of Military Review.

17 March 1993.

---

**1014**

For Appellant: Captain Lawrence W. Andrea, JAGC (argued); Major Robin L. Hall, JAGC (on brief).

For Appellee: Major Donna L. Barlett, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, in accordance with her pleas, by a military judge sitting as a special court-martial of absence without authority, false swearing, and wrongful use of cocaine, in violation of Articles 86, 134, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934, and 912a (1982 and Supp. V 1987). The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for 105 days.

The appellant was placed in pretrial confinement three separate times. The first time was from 18 to 28 February 1992. There was no review of this pretrial confinement by a military magistrate.[1] The appellant was released from this period of pretrial confinement because the appellant's trial defense counsel informed the government that the required pretrial confinement review had not been performed by the military magistrate. The appellant's commander tried to return the appellant to pretrial confinement on 5 March 1992, but the military magistrate on that day determined that pretrial confinement was not necessary. The appellant was placed in pretrial confinement, with the approval of the military magistrate, on 23

March 1992, but released by the military judge at the first session of her court-martial on 9 April 1992. She was returned to pretrial confinement on 19 April 1992 and remained there until her trial on 4 May 1992. There is no indication in the record of trial or allied papers whether this pretrial confinement was reviewed by the military magistrate. However, since the issue of a magistrate's review for the third pretrial confinement period was not raised at trial, when the circumstances of the appellant's other pretrial confinements had been raised before the military judge, we assume that the appropriate review had been accomplished.

At the first session of the appellant's court-martial on 9 April 1992, the appellant's trial defense counsel moved for pretrial confinement credit for the twenty-eight days the appellant had spent in pretrial confinement up until that date and for four additional days of administrative credit because there was no magistrate's review of the first pretrial confinement. The trial defense counsel specifically requested the administrative credit, "[f]or [the government] not having a magistrate's hearing, sir. She was in on day 8, 9, 10, and 11." Accordingly, the military judge granted thirty-two days of credit. The military judge also granted an additional eighteen days of credit for the third period of pretrial confinement for a total credit of fifty days.

■ The sole issue raised in this case is whether the appellant was entitled to an additional five days of administrative credit because no magistrate's hearing was held within forty-eight hours of her first pretrial confinement. We hold that this issue was waived for failure to raise it at trial.

The United States Supreme Court determined that there must be a "prompt" review of a decision to place a person in pretrial confinement. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). On May 13, 1991, the United States Supreme Court determined that for a re-

**1.** Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.] and Army Reg. 27–10, Legal Services: Military Justice, Chapter 9 (27 Dec. 1989).

view to be considered "prompt," it must be conducted within forty-eight hours of the pretrial confinement. *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). On 8 December 1992, this Court held that the forty-eight hour rule applied to the military and, therefore, the R.C.M. 305(i) rule that a review be conducted within seven days was no longer valid and the review must be conducted within forty-eight hours. *United States v. Rexroat*, 36 M.J. 708, 712 (A.C.M.R.1992).

Failure to raise defenses, objections, or to make motions or requests which must be made before pleas are entered results in waiver. *See* R.C.M. 905(e); *United States v. Mathieu*, 29 M.J. 823, 824 (A.C.M.R. 1989). *But see United States v. Hill*, 26 M.J. 836, 838 (A.C.M.R.1988) (waiver on the issue of untimely magistrates's review not applied where the facts are contained in the record of trial or allied papers). This Court has held in numerous cases that the failure to raise an issue of lack of timely magistrate's review under *McLaughlin* and *Rexroat* waives that issue. *United States v. Rollins*, 36 M.J. 794 (A.C.M.R.1993); *United States v. Truitt*, ACMR 9201891 (A.C.M.R. 8 Jan. 1993) (unpub.); *United States v. Lyons*, ACMR 9200787 (A.C.M.R. 5 Jan. 1993) (unpub.).

■ The issue challenging the seven-day rule rather than forty-eight hour rule for magistrate's review under R.C.M. 305(i) was ripe for litigation when *McLaughlin* was decided on 13 May 1991, and not when this Court decided *Rexroat*. Accordingly, when this case was tried in April and May 1992, trial defense counsel could have challenged the seven-day rule as did the counsel in *Rexroat*. We hold again that the failure to raise the issue at trial is a waiver of that issue on appeal.[2]

■ We emphasize the words of now Senior Judge Werner when he wrote:

> The military justice system is in a continual state of evolution. The trial defense bar has structurally and administratively become an independent entity. This development represents a fundamental change in policy which we believe has transformed an excessively paternalistic system for litigating criminal cases into a truly adversarial one.

*United States v. Means*, 20 M.J. 522, 528 (A.C.M.R.1985), *aff'd*, 24 M.J. 160 (C.M.A. 1987) (citations omitted). The trial defense bar should be scouring not only cases decided by the United States Court of Military Appeals and the various Courts of Military Review for issues to benefit their clients, but, at a minimum, the decisions of the United States Supreme Court for applicability to military courts-martial practice. There is no doubt that the trial defense bar would litigate the applicability to the military of a United States Supreme Court decision pertaining to search and seizure or a confession. A decision as to the timeliness of a review of pretrial confinement that challenges an existing courts-martial procedure deserves no less scrutiny and action by the trial defense bar.

We have carefully considered the issue raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find it without merit.

The findings of guilty and the sentence are affirmed.

Judge GONZALES and Judge DELL'ORTO concur.

---

2. We have evaluated the trial defense counsel's failure to request additional administrative credit because the magistrate's pretrial confinement review was not done within forty-eight hours against the standards for ineffective counsel set forth in *United States v. Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Scott*, 24 M.J. 186 (C.M.A.

1987). We find that her failure to raise the issue was not ineffective assistance of counsel because her performance was not deficient since it was not a serious incompetency that falls measurably below the performance ordinarily expected of fallible lawyers. *United States v. DiCupe*, 21 M.J. 440, 442 (C.M.A.1986).