**UNITED STATES, Appellee,**

v.

**Specialist Albert D. TAYLOR, Jr., 454–63–5299, United States Army, Appellant.**

**ACMR 9202031.**

U.S. Army Court of Military Review.

16 April 1993.

For Appellant: Captain Robert L. Carey, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

DELL'ORTO, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of larceny of military property and false swearing, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982). The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for 16 months, forfeiture of $400.00 pay per month for 18 months, and reduction to Private E1.

The appellant assigns two errors. One, a challenge to the jurisdiction of his court-martial because the military judge was designated in violation of the Appointments Clause of the Constitution, was resolved against him by the United States Court of Military Appeals in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), and accordingly, the issue lacks merit. In a second assigned error, the appellant seeks additional credit against his sentence to confinement because there was no magistrate's review of the period during which he was subjected to restriction tantamount to confinement. We agree with the appellant on this issue.

■■■ Citing *United States v. Russell,* 30 M.J. 977 (A.C.M.R.1990), the appellant claimed at trial that the conditions under which he was restrained during the first three days of his restriction were so onerous as to constitute restriction tantamount

to confinement. The trial counsel conceded this claim and the military judge correctly determined that the appellant's restriction was tantamount to confinement and awarded the appellant three days' credit against his sentence. At one point in his argument seeking relief for his client on this issue, the trial defense counsel complained that a neutral and detached magistrate had not reviewed the restriction to determine its validity. He did not cite *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), or *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).

The provisions of R.C.M. 305[1] apply to restriction tantamount to confinement. *United States v. Gregory*, 21 M.J. 952, 956 (A.C.M.R.), *aff'd*, 23 M.J. 246 (C.M.A.1986) (summary disposition). Prior to *United States v. Rexroat*, 36 M.J. 708 (A.C.M.R. 1992), R.C.M. 305(i) required review of restriction tantamount to confinement by a neutral and detached officer within seven days of the imposition of that restriction. *Id.* Failure to accomplish that review warranted sentence credit under R.C.M. 305(k). *Id.*

This Court in *Rexroat* held that the *Gerstein v. Pugh* requirement that a magistrate promptly review pretrial confinement determinations and the *County of Riverside v. McLaughlin* requirement that such a review be conducted within forty-eight hours are applicable to the Army. *Rexroat*, 36 M.J. at 712. The seven-day window for review under R.C.M. 305(i)(1) is no longer valid. *Id.* at 713. Accordingly, just as *Rexroat* mandates that a neutral and detached magistrate's review of pretrial confinement must be accomplished within forty-eight hours, so too does it mandate that such a review of restriction tantamount to confinement must be accomplished within forty-eight hours.

We have not hesitated to find waiver when trial defense counsel fails to raise the *McLaughlin* forty-eight hour review requirement at trial. *United States v. Sanders*, 36 M.J. 1013 (A.C.M.R. 1993); *United States v. Rollins*, 36 M.J. 794 (A.C.M.R.

1. Rule for Courts–Martial 305 [hereinafter    R.C.M.].

1993). Here, while the trial defense counsel could have raised the issue more precisely, it was nevertheless adequately raised. *United States v. Berry*, 24 M.J. 555 (A.C.M.R.), *pet. denied*, 25 M.J. 193 (C.M.A.1987).

The appellant's restriction tantamount to confinement lasted three days. Consequently, he is entitled to one additional day's credit under R.C.M. 305(k) against his approved sentence because there was a failure to conduct a magistrate's review within forty-eight hours. The appropriate administrative authority will grant the appellant one day of additional credit.

We have carefully considered the issues raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to lack merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge GONZALES concur.