**UNITED STATES, Appellee,**

v.

**Private E2 Marty L. BANKS, 467–51–6148, United States Army, Appellant.**

**ACMR 9201168.**

U.S. Army Court of Military Review.

16 June 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

Pursuant to his plea, the appellant was convicted by a military judge sitting as a special court-martial of one specification of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1988) [hereinafter U.C.M.J.]. The convening authority approved the sentence of confinement for 150 days, forfeiture of $523.00 pay per month for six months, a bad-conduct discharge, and reduction to Private E1.

The facts are uncontested. The appellant had an authorized leave from about 21

December 1991 through 4 January 1992. Due to the serious illness of his mother, he decided to remain at home until 15 April 1992, when he voluntarily returned to military control at Fort Hood, Texas. On 16 April 1992, he was attached to the Personnel Control Facility at Fort Sill, Oklahoma, where he was held under conditions characterized by the military judge as pretrial confinement. At the request of his unit he was returned to Fort Drum where his pretrial confinement continued until the trial. Ten days after the initial pretrial confinement, a magistrate's review occurred.

The military judge awarded thirty-four days of confinement credit pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), and four days additional credit for the failure to hold the magistrate's review within seven days in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.].

### I.

The trial defense counsel requested the military judge apply a 48 hours standard, alluding to the decision of the United States Supreme Court in *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The military judge, after carefully considering the differences between civilian pretrial confinement and military pretrial confinement, decided to follow R.C.M. 305(i).

Appellate defense counsel now request this court to apply our decision in *United States v. Rexroat*, 36 M.J. 708 (A.C.M.R. 1992), and grant additional confinement credit. We agree that relief is appropriate and will modify the sentence in a manner that provides meaningful relief in the decretal paragraph.[1]

### II.

Appellate defense counsel further assert that the guilty plea was improvident because the appellant raised the defense of duress when he discussed his mother's ill-

ness as being the reason for not returning from leave. We disagree.

■ If, at any time during the trial, the appellant raises matters inconsistent with his plea, the military judge must either resolve the inconsistency or reject the plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). Where the inconsistency is a potential defense, the appellant must admit facts that negate the defense before the military judge accepts the plea. *United States v. Sims*, 33 M.J. 684 (A.C.M.R.1991). Thus, the issue here is whether the appellant's stated reason for not returning from his authorized leave constitutes a potential defense.

In *United States v. Bailey*, 444 U.S. 394, 409, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980), the Supreme Court discussed how at common law the affirmative defenses of duress and necessity were separate and distinct. Duress excused some criminal acts if they were committed only as a result of unlawful coercion on the part of a third party. Necessity allowed the choosing of a lesser of two evils to reduce inevitable harm caused by a force beyond the actor's control. In both situations, the illegal act must be the only reasonably available alternative. The Court further pointed out how that distinction has faded over time.

■ In *Bailey*, the accused had escaped from jail and, at his trial for escape, he was unsuccessful in justifying his actions based on the coercive jail conditions. As in *Bailey*, we find no evidence in the record of this case of unlawful third party coercion. Applying that result to the common law defense of duress, we find that the defense was not raised by the appellant.

The appellant also contends that the military application of the duress defense is broader than the common law application and incorporates the concept of necessity. The military rule for the defense of duress is found at R.C.M. 916(h). That rule and its discussion are silent on whether coercion in the form of pressure from physical

---

**1.** Private Banks completed his adjudged con-  finement on or about 17 August 1992.

or natural forces are included within its scope.

 Considering the lead, concurring, and two dissenting opinions in *United States v. Rankins*, 34 M.J. 326 (C.M.A. 1992), it is not clear whether the duress and necessity defenses have merged in military practice. We are persuaded by the lead opinion of Judge Crawford, joined by Judge Cox, which treats them as separate affirmative defenses. That opinion characterizes the necessity defense as a judicial recognition of private moral codes that substitute their values for legislative determination.

Rejecting the necessity defense does not leave the soldier who has been forced to chose the lesser of two evils without a remedy. There is the power of prosecutorial discretion by the convening authority before trial to prevent unjust prosecution. R.C.M. 306(b). After trial, the convening authority may, as a matter of command prerogative within his sole discretion, disapprove a conviction. Article 60(c)(1), UCMJ, 10 USC § 860(c)(1).

The benefit of rejecting the necessity defense goes to the core of discipline within a military organization. In no other segment of our society is it more important to have a single enforceable set of standards. The facts of this case are a textbook example. The appellant chose, contrary to his military duties, to assist his ill mother. This decision was based on his own set of values and priorities. No notice was provided to the unit. If conscious regard was given by the appellant to the impact his choice would have on readiness or his fellow soldiers, it is not reflected in the record. To now authorize an after-the-fact judicial review on the merits of those personal values has no place in the military justice system.[2]

The finding of guilty is affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.

1986) the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 150 days, and reduction to Private E1.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

---

2. These matters would certainly be appropriate in extenuation and mitigation on sentencing. It should not be forgotten that the court-martial has the authority to adjudge a sentence of no punishment in appropriate cases.