UNITED STATES

v.

**Private (E-2) James L. SMITH, 100–40–8524, United States Army, 628th Transportation Company, 180th Transportation Battalion, 13th Corps Support Command, Fort Hood, Texas 76544.**

**SPCM 11893.**

U. S. Army Court of Military Review.

Sentence Adjudged 17 Nov. 1975.

Decided 27 Dec. 1976.

---

Appellate Counsel for the Accused: CPT Richard A. Pearson, JAGC; CPT Robert D. Jones, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William C. Kirk, JAGC; COL Thomas H. Davis, JAGC.

Before CARNE, MITCHELL and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Judge:

The accused was convicted by a special court-martial of missing movement, disrespect to a commissioned officer, disobedience of a lawful order, and feigning injury to avoid duty, in violation of Articles 87, 89, 90 and 115, Uniform Code of Military Justice, 10 U.S.C. §§ 887, 889, 890 and 915, respectively. He was sentenced to a bad-conduct discharge, forfeiture of $240.00 pay per month for six months, confinement at hard labor for four months, and reduction to the lowest enlisted grade. The approved sentence is set forth above.

As he did at trial, appellant stands before us claiming that, as a matter of law, the evidence does not support a finding of guilty of missing movement because his unit's field exercise of 7 October 1975 was not a "substantial movement" as required under Article 87, *supra*. That Article reads as follows:

> "Any person subject to this chapter who through neglect or design misses the movement of a ship, aircraft, or unit with which he is required in the course of duty to move shall be punished as a court-martial may direct."

I

The prosecution clearly established that the accused "missed the movement of a unit [with] which he [was] required in the course of duty to move." The question for our determination, however, is whether the

movement described in the specification and found by the court to have been missed was one included within the terms of the article.

The evidence shows that on 7 October 1975, at about 0630, the accused was awakened by his company commander and told to get dressed, draw his field equipment, and report to the motor pool for participation in an on-post field training exercise which was to begin in one hour. Instead, the accused went to the mental hygiene clinic at the base hospital to keep an appointment which the company commander mistakenly thought had been rescheduled. The accused returned to the company area about noon, but for reasons unexplained in the record he did not take advantage of the shuttle service to his unit in the field until late afternoon the following day.

The site of the two-day maneuver and bivouac area was some twelve miles down range from the unit's permanent quarters. Left behind were two unit soldiers who were to perform charge of quarters and barracks guard duties and a sergeant first class who was on special duty with the Post Engineer. Approximately five company motor vehicles and their operators, which were committed to other assignments, did not take part in the motor march but joined the exercise some time later. A regular shuttle service between the field site and the company area provided transportation for those individuals whose day time duties required their presence at the permanent canton of the post. Only essential items from the unit personnel files were taken to the field.

## II

The offense of missing movement is a relative newcomer in American military jurisprudence. It did not formally exist until the enactment of the Uniform Code of Military Justice Act of 5 May 1950.[1]

Our reading of the Code's legislative history[2] compels the conclusion that the explicit reason for Article 87 was the problem encountered during World War II as a result of members of units or crews who failed to show up when their ships or units moved as such, perhaps to combat or forward areas. This resulted in disruption of the scheduling and movement of integrated, cohesive and interdependent groups of military men that may have been trained to perform as a unit. Some of the members could possess particular skills, the absence of which would cripple or destroy the integrity and effectiveness of the unit. *See United States v. Gillchrest,* 50 C.M.R. 832 (A.F.C.M.R.1975); *United States v. Burke,* 6 C.M.R. 588 (A.F.B.R.1952); *United States v. Jackson,* 5 C.M.R. 429 (A.F.B.R.1952).

## III

█ While there are relatively few case precedents for defining the word "movement" as used in Article 87, we find however, in paragraph 166, Manual for Courts-Martial, United States, 1969 (Revised edition), language restricting its application. It does not include practice marches which are to be of short duration with a return to the point of departure contemplated; nor does it include minor changes in location as when a unit is moved from one barracks to another on the same post.

█ Hard and fast rules relating to the duration, distance and mission of the "movement" are not appropriate but rather those factors plus any other concomitant circumstances must be considered collectively, in order to evaluate the potential disruption of the unit caused by a soldier's absence.[3]

In the rare reported Army cases tried under Article 87, extreme and unusual circumstances appear to be present. In *United States v. Redmond,* 43 C.M.R. 577 (A.C.

---

1. 64 Stat. 108 (1950), 10 U.S.C. § 801, *et seq.*

2. Hearings on H.R. 2498 Before the Subcomm. of the House Committee on Armed Services, 81st Cong., 1st Sess., 760 and 1258 (1949); Hearings on S. 857 and H.R. 4080 Before the

Subcomm. of the Senate Committee on Armed Services, 81st Cong., 1st Sess. 37 (1949).

3. *See United States v. Kingsley,* 17 C.M.R. 469 (N.B.R.1954).

M.R.1970), the accused who was stationed in Vietnam failed to return with his unit into a combat zone. In *United States v. Deshazor,* 34 C.M.R. 566 (A.B.R.1964), the accused, a member of an airborne combat division, failed to accompany his unit when it was transferred to California from Fort Campbell, Kentucky.

### IV

In the case before us, it was clearly established that the accused knew of the scheduled movement at the commencement of his unauthorized absence. He, in fact, disregarded an order of his company commander to report to the motor pool for transportation to the training site. His knowledge, however, is not controlling in our disposition of the issue before us.

 In light of the clear purpose to be served by proposing this article to Congress in 1949 and the cases thereafter interpreting it, we are unable to find from the facts of this case that the accused committed the offense of missing the movement of a military unit. Succinctly stated, the punitive article of "missing movement" was designed to take care of the offense greater than mere absence without leave but less than desertion. Logically every missing movement offense includes an unauthorized absence plus other factors. These additional factors are circumstances that aggravate the offense of unauthorized absence. It follows then that the offense of unauthorized absence is a necessarily lesser included offense to the offense of missing movement.[4]

### V

In this case we find that the facts presented at trial support only a charge of appellant's failure to go to his appointed place of duty at the time prescribed in violation of Article 86, UCMJ, *supra.*

Accordingly, only so much of the findings of guilty of Charge II and its specification

as finds that the appellant, did on or about 7 October 1975, without authority, fail to go at the time prescribed to his appointed place of duty to wit: the motor pool of the 628th Transportation Company, 180th Transportation Battalion, 13th Corps Support Command, Fort Hood, Texas, in violation of Article 86, Uniform Code of Military Justice, are affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence.

Senior Judge CARNE and Judge COSTELLO concur.

---

4. *United States v. Posnick,* 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957); *United States v. Underwood,* 8 U.S.C.M.A. 338, 24 C.M.R. 148 (1957); *United States v. Henley,* 8 U.S.C.M.A. 340, 24 C.M.R. 150 (1957).