UNITED STATES

v.

**Airman Basic David N. BROWN, FR 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, United States Air Force.**

**ACM 22752.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 Jan. 1980.

Decided 12 March 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

### PER CURIAM:

Contrary to his pleas, the accused was convicted by a military judge sitting as a general court-martial of cocaine and marijuana offenses in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934. He was initially sentenced to a bad conduct discharge, confinement at hard labor for sixteen months and forfeiture of all pay and allowances. A substitute convening authority subsequently approved a bad conduct discharge, confinement at hard labor for twelve months and total forfeitures.

In this case, we modify the sentence because of a pretrial agreement between the staff judge advocate, the defense counsel and the accused which had the approval of the initial convening authority.

Although the accused's trial had started, the government was apparently still anxious to obtain the accused's cooperation in on-going drug investigations. It was stipulated at trial that, with the consent of the convening authority, the staff judge advocate and the defense counsel agreed:

[I]f the accused gave good drug activity information and participated with the OSI [Air Force Office of Special Investi-

gations] in controlled drug activities the Convening Authority would grant the Section F request[1] or give sentence-clemency relief.

The accused then cooperated with the OSI. Thereafter, a dispute arose over the extent and value of the accused's cooperation, and the OSI no longer desired the accused's cooperation. In response to defense counsel's suggestion of withdrawal from the agreement, the staff judge advocate told the defense counsel that the convening authority still wanted to continue the arrangement. The staff judge advocate then advised that:

[I]f the accused gave good information and continued his cooperation, as Staff Judge Advocate, he would arrange for the Convening Authority to approve the Section F. He assured [the defense counsel] that the OSI were not as influential with the Convening Authority as he was.

It was also stipulated at trial that the defense counsel and the accused then agreed to continue the agreement. Before he could evaluate the information given by the accused and consider his participation, the staff judge advocate was hospitalized and remained on the seriously ill list up to the completion of the trial. As a consequence, he never advised the convening authority on approval or disapproval of the Section F request. The Section F request for discharge was submitted, but was disapproved by the convening authority.

At trial, the defense counsel moved to dismiss the charges because the government made an "immunity-type agreement which they have not kept." The prosecution urged that the issue was not ripe for decision since the agreement contemplated post-trial sentence modification by the convening authority. The military judge denied the motion to dismiss the charges. After trial, a substitute convening authority affirmed the findings of guilty and modi-

1. In effect, a resignation in lieu of trial by court-martial. *See* AFM 39-12, Separation for Unsuitability, Misconduct, Resignation or Request for Discharge for the Good of the Service and Procedures for Rehabilitation Program, Chapter 2, Section F, 1 September 1966, Change 12 (23 March 1979).

802

fied the sentence by reducing the confinement to twelve months.[2]

■ At the outset, we unequivocally condemn agreements such as the one involved in this case. They are not sanctioned by Air Force Regulation, policy or practice or by previous decisions of the United States Court of Military Appeals or by this Court. Moreover, they are pernicious and disruptive of the due administration of military justice. When oral, as here, they are difficult or impossible to interpret or enforce. Both the staff judge advocate and the defense counsel must have been aware of the dangers involved and their lack of standing under the military justice system or Air Force Regulations.

Under these circumstances, one solution might be to decline to enforce any such agreements and leave the parties as we find them. On balance, however, we believe the ends of justice require us to recognize this agreement and to effect realistically, any reasonable expectancy of the parties. *See United States v. McCants*, 47 C.M.R. 381 (A.C.M.R.1973), *pet. denied*, 48 C.M.R. 1000 (C.M.A.1973); *United States v. Rahn*, 33 C.M.R. 945 (A.F.B.R.1963), *pet. denied*, 34 C.M.R. 480 (C.M.A.1964).

■ We do not agree that the charges should be dismissed as argued at trial and by appellate defense counsel. Both conviction and discharge were clearly foreseeable under the agreement. Nothing in the agreement affected the accused's rights at trial or the evidence presented. In fact, the accused pled not guilty and fiercely contested all issues. Accordingly, we see no reason to disturb the findings of guilty, and they are affirmed. Other issues raised at trial and on appeal are resolved against the accused.

However, the substitute convening authority in his action on the sentence did not,

in our view, grant sufficient "sentence clemency relief" as conveyed in the staff judge advocate's promise. Although we do not believe approval of a lengthy period of confinement was an expectancy under the agreement, we are aware that now the confinement portion of the approved sentence has been effectively satisfied. Accordingly, only so much of the sentence as provides for a bad conduct discharge and confinement at hard labor for twelve months is approved.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

MILES, Judge, concurring in part and dissenting in part.

I agree completely with the court's decision except for affirming the accused's bad conduct discharge. In my view, confinement at hard labor for one year could not have been reasonably expected by the parties to this "agreement." However, the accused has already served his sentence to confinement for one year, and no particular purpose would be served by modifying the confinement. In the interest of justice and complete fairness and in the face of the government's promise of "sentence clemency relief" and the staff judge advocate promises, I consider it inappropriate to approve a bad conduct discharge.

2. In his legal review, the staff judge advocate to the substitute convening authority recommended reducing the confinement by four months (a) to give the accused credit for 42 days pretrial confinement ruled unlawful by the military judge and (b) because of possible reliance by the accused on promises by the staff judge advocate and in view of the accused's cooperation with the OSI in various drug investigations.