UNITED STATES

v.

**Sergeant Donald S. COOPER, III, FR 202–50–6087, United States Air Force.**

ACM S25974 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 March 1983.

Decided 11 Jan. 1984.

---

**4.** Articles 58(a) and 60, U.C.M.J., 10 U.S.C. §§ 858(a), 860; M.C.M., paragraphs 89c (6) and 93; Air Force Regulation 125–18, (1 Feb. 1980), paragraph 5–6.

Appellate Counsel for the Accused: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

FORAY, Senior Judge:

This case is again before us for review.

On 22 June 1983, this Court affirmed the accused's guilt of larceny of mail matter and his sentence which extended to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for three months, and reduction to airman basic. *United States v. Cooper*, ACM S25974 (A.F.C.M.R. 22 June 1983) (unpublished).

Subsequent to this Court's decision the accused exercised his right to petition the Court of Military Appeals for a grant of review. Article 67(b)(3), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(3). His petition was accompanied by a letter in which he alleges that after trial certain representations were made to him by an agent of the Office of Special Investigations (O.S.I.) regarding the substitution of a general discharge for the bad conduct discharge adjudged in his case. Since the allegation was new matter not considered by the trial court nor this Court, the Court of Military Appeals returned the record of trial to The Judge Advocate General to submit to this Court for consideration of the allegation and for such action as may be appropriate. *United States v. Cooper*, 16 M.J. 447 (C.M.A.1983).

It appears that on 26 May 1983, after the accused's trial and the action [1] in the case he was granted testimonial immunity from prosecution by the general court-martial convening authority. The immunity was granted to induce his cooperation in the investigation and prosecution concerning other mail theft offenses and drug related offenses. The accused claims that his cooperation in this regard was to the complete satisfaction of the investigating O.S.I. agents. He further claims that:

> I was told by S.A. [B] of the O.S.I. due to my cooperation above and beyond what was required he would submit a letter to try and have my Bad Conduct Discharge changed to a General Discharge. I do not know if he did this yet.

> \*   \*   \*   \*   \*   \*

> I cooperated not because of the immunity but to do what is right and try to get a fresh start.

Our careful review of the accused's present claim and the record of trial convinces us that no formal nor informal agreement existed between the accused and any convening authority regarding a "substitution" of a general discharge for the bad conduct discharge adjudged in return for the accused's cooperation in other

---

1. Trial proceedings concluded 10 March 1983 and the special and general courts-martial convening authorities took their respective actions on 1 and 19 April 1983.

cases. The accused's plea of guilty to the offense of which he was convicted appears to have been entered voluntarily and with full knowledge of its meaning and effect.[2] At trial he expressly denied any oral or written pretrial agreement and that anyone had made any promises to him regarding the sentence in the case. Additionally, there is nothing in the record of trial or in the accused's present claim to indicate any formal or informal post-trial agreement with any convening authority regarding the sentence in the case. *United States v. Brown*, 13 M.J. 253 (C.M.A.1982).

Having found that there existed no formal or informal agreement regarding clemency between the accused and any convening authority we next determine whether any other agreement existed and, if so, was it such as the one condemned in this Court's decision in *United States v. Brown*, 10 M.J. 800 (A.F.C.M.R.1981).[3] There this Court said regarding "immunity-type agreements":

> They are not sanctioned by Air Force Regulation, policy or practice or by previous decisions of the United States Court of Military Appeals or by this Court. Moreover, they are pernicious and disruptive of the due administration of military justice. When oral, as here, they are difficult or impossible to interpret or enforce.

Here, the accused's appeal tells us that he acted and cooperated with agents of the O.S.I. motivated only by a desire to "do what is right" and to "try to get a fresh start" and not because of any promise, express or implied, that his sentence would be reduced. Lending support to our conclusion is the accused's representation that any "promise" made to him with regard to his sentence to discharge came after his action and cooperation with the O.S.I.

Our review of the accused's claim on appeal leads us to conclude that no "agreement," or "representation," or "promise"

existed concerning which fair play and legitimate law enforcement interest would require enforcement. *United States v. Brown, supra.*

Accordingly, the findings of guilty and the sentence are again

AFFIRMED.

SNYDER and O'HAIR, Judges, concur.

---

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

3. In *Brown,* an oral "immunity-type agreement" was entered into between the accused, his counsel, and the convening authority's staff judge advocate.