Private Robert K. CLAY, 426–31–2954, United States Army, Petitioner,

v.

Lieutenant General John W. WOODMANSEE, Jr., U.S. Army, Retired; William S. Fulton, Jr., Clerk of Court, USACMR; Colonel Donald Deline, Staff Judge Advocate; Lieutenant General George A. Joulwan, Commander; and the United States of America, Respondents.

ACMR MISC 8902730.

U.S. Army Court of Military Review.

12 Oct. 1989.

For Petitioner: Captain Craig T. Trebilcock, JAGC, Captain Keith W. Sickendick, JAGC, Captain Andrew G. Oosterbaan, JAGC (on brief).

For Respondents: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain John J. Hogan, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

PER CURIAM:

On 20, 22 and 27 December 1988, petitioner was tried by a general court-martial composed of officer and enlisted members at Fulda, Germany. Pursuant to his pleas, petitioner was convicted of absence without leave, assault with intent to commit rape, breaking restriction, and forgery (three specifications), violations of Articles 86, 134 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934 and 923 (1982) [hereinafter UCMJ]. The members sentenced petitioner to a bad-conduct discharge, confinement for forty-four months, forfeiture of $340.00 pay per month for six months, a fine of $673.00, and reduction to Private E1. On 17 May 1989, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-two months, forfeiture of $340.00 pay per month for six months, and reduction to Private E1. The convening authority executed petitioner's bad-conduct discharge on 18 August 1989 in General Court–Martial Order Number 31. This case is before the court pursuant to Article 66, UCMJ, 10

U.S.C. § 866, for consideration of petitioner's "Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus and Writ of Mandamus."

I

The facts alleged, uncontradicted by the government, are as follows: prior to entry of petitioner's pleas, his trial defense counsel, Captain (CPT) Trebilcock, moved to dismiss the charges for lack of a speedy trial under the provisions of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 707(e). CPT Trebilcock argued that petitioner had been held in pretrial confinement for 107 days in violation of R.C.M. 707(d). The military judge denied the motion.

At petitioner's request, the convening authority delayed taking action in this case until 17 May 1989 to permit him to testify as a government witness in the courts-martial of two members of his unit accused of distributing drugs. In early August 1988, petitioner worked as a registered source for the United States Army Criminal Investigation Command (CID) and participated in heroin purchases from the two soldiers. According to the trial counsel in the two cases, Lieutenant Colonel (LTC) Hewitt (who was the Chief of Criminal Law, Office of the Staff Judge Advocate, V Corps), the petitioner's assistance and testimony were instrumental in the successful prosecution of the two drug dealers, who were sentenced to 15 and 20 years' confinement, respectively.

On unknown dates between December 1988 and early April 1989, LTC Hewitt approached petitioner's defense counsel, CPT Trebilcock, several times and told him that Colonel Deline, the Staff Judge Advocate, V Corps, was concerned that the government may lose the petitioner's case on appeal because of the speedy trial issue. During one of their conversations, LTC Hewitt told CPT Trebilcock that petitioner had been very cooperative during the preparation of the two drug cases and that he believed the convening authority might re-

duce the petitioner's sentence to "about two years" if petitioner did a good job as a witness, and if he would waive his right to appeal.

CPT Trebilcock relayed the proposal to petitioner, who expressed an interest and asked his defense counsel to look into it further because he wanted to get out of jail as soon as possible. CPT Trebilcock explained to petitioner that the speedy trial issue may be won on appeal, which would clear his record, but that petitioner would remain in jail from four to eighteen months during the appellate process.

A few days later, LTC Hewitt told CPT Trebilcock that petitioner's confinement could be reduced to twenty-four months, or less, and that the $673.00 fine could be disapproved. LTC Hewitt told CPT Trebilcock that, by calculating petitioner's credit for pretrial confinement, time served, and accumulated good time, petitioner could be released in June or July 1989 if the convening authority approved a period of confinement of twenty-two months. LTC Hewitt explained that good time was awarded in a lump sum to the accused based upon the sentence adjudged at trial, not the period of confinement approved or served. In petitioner's case, LTC Hewitt explained, good time was calculated at seven days per month multiplied by the forty-four month adjudged sentence for a total of three hundred and eight days ($44 \times 7 = 308$). Nevertheless, LTC Hewitt assured CPT Trebilcock that he would verify his calculation of petitioner's accumulated good time credit with officials of the Mannheim Confinement Facility. CPT Trebilcock informed petitioner of the conversation with LTC Hewitt and explained to petitioner that his case may be won on appeal. However, the petitioner told CPT Trebilcock that he wanted to get out of jail in June and that he would waive his appellate rights to do so.

On 8 May 1989, LTC Hewitt told CPT Trebilcock that he had verified the good-time credit calculation and petitioner could be out of jail in June 1989. CPT Trebilcock told LTC Hewitt that petitioner would waive his appellate rights, but that the

waiver form would not be submitted until the convening authority took final action. LTC Hewitt agreed with the arrangement and stated that he was sure the convening authority would approve the sentence that included twenty-two months' confinement. On 13 May 1989, CPT Trebilcock again met with petitioner and explained to him the importance of his appellate rights, the possibility that his conviction could be overturned on appeal, and that waiver of his appellate rights was an irrevocable action. Petitioner then read and signed an appellate rights waiver form which CPT Trebilcock had prepared. See M.C.M., 1984, Appendix 19 (sample DD Form 2330, Waiver/Withdrawal Of Appellate Rights In General And Special Courts–Martial Subject To Review By A Court Of Military Review).

On 22 May 1989, CPT Trebilcock received a copy of the convening authority's action reducing petitioner's sentence to twenty-two months' confinement. A few days later, CPT Trebilcock sent the waiver of appellate rights form to LTC Hewitt in Frankfurt by courier. On 2 June 1989, CPT Trebilcock received a telephone call from petitioner, who was upset because he had been told that he would be released in February 1990, not in June 1989 as originally discussed. On the following day, CPT Trebilcock spoke to LTC Hewitt, who explained that there he had been misinformed regarding calculation of petitioner's accumulation of good time. According to another official at the Mannheim Confinement Facility, a prisoner's good time is calculated based upon the approved sentence. Under the correct method of computation, petitioner was entitled to six days of good time per month for twenty-two months for a total of one hundred and thirty-two days of good time abatement. LTC Hewitt told CPT Trebilcock that nothing could be done to resolve the matter because final action had been taken and the record of trial had been sent to the Army Court of Military Review.

Petitioner filed this Petition for Extraordinary Relief on 19 September 1989.

## II

Petitioner requests that this court (1) order his immediate release from confinement in fulfillment of his agreement with the government; (2) direct that petitioner's case be brought before this court for appellate review of all issues, including whether petitioner was denied his right to speedy trial; and (3) appoint appellate defense counsel to represent petitioner before this court.

The issues presented are as follows:

WHETHER PETITIONER'S WAIVER OF APPELLATE REVIEW WAS INDUCED BY PROMISES OF CLEMENCY IN VIOLATION OF RULE FOR COURTS-MARTIAL 1110(C).

WHETHER PETITIONER'S WAIVER OF APPELLATE REVIEW WAS IN SUBSTANTIAL COMPLIANCE WITH RULE FOR COURTS-MARTIAL 1110.

WHETHER PETITIONER WAS DENIED THE BENEFIT OF AN EARLY RELEASE FROM CONFINEMENT, FOR WHICH HE BARGAINED IN GOOD FAITH WITH THE GOVERNMENT.

The government concurs in petitioner's assertion that all three issues must be answered in petitioner's favor. We agree.

■ The facts of this case present appropriate circumstances warranting the exercise of this court's extraordinary relief powers. *Mastropietro v. Nix,* 12 M.J. 759 (A.C.M.R.1981) (extraordinary relief is a special remedy to be exercised only in an unusual or exceptional case and is not a substitute for appeal; petitioner must demonstrate that he will be unable to obtain adequate relief in ordinary course of appellate review).

■ We find, under the specific facts of this case, that petitioner's waiver of his appellate rights, was induced by promises of clemency in violation of R.C.M. 1110(c).[1] Accordingly, the government further concurs and we agree with petitioner's assertion that petitioner's waiver of appellate review was not in substantial compliance with R.C.M. 1110. Therefore, the purported waiver would have no effect pursuant to R.C.M. 1110(g)(4) (a purported waiver or withdrawal of an appeal which does not substantially comply with this rule shall have no effect.)

■ Lastly, the government concurs and we agree with petitioner's contention that the informal agreement between petitioner and the government regarding abatement of petitioner's term of confinement as of June 1989 should be enforced in the interests of "fair play." *United States v. Brown,* 13 M.J. 253 (C.M.A.1982) (although informal agreements as to immunity and sentence clemency create many problems, interests of fair play require that such agreements be enforced).

Accordingly, the Petition is granted.

ORDERED:

That petitioner, Private Robert K. Clay, be immediately released from confinement;

That petitioner's Waiver of Appellate Review is vacated;

That Headquarters, V Corps, General Court-Martial Order Number 31, dated 18 August 1989, is set aside; and

That the record of trial be referred to this court for appellate review.

---

1. R.C.M. 1110(c) provides that "[n]o person may compel, coerce, or induce an accused by force, *promises of clemency,* or otherwise to waive or withdraw appellate review" (emphasis added).