UNITED STATES, Appellee,

v.

Specialist Mark L. GIROUX, 006–80–9059, United States Army, Appellant.

ACMR 9202119.

U.S. Army Court of Military Review.

30 April 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain John G. Giovannelli, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT ON RECONSIDERATION

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty on 29 September 1992, by a military judge sitting as a general court-martial, of four specifications of sodomy, one specification of adultery, two specifications of indecent acts with a child, and one specification of indecent acts with another, in violation of Articles 125 and 134, Uni-

form Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for six months, and reduction to Private E1. In exercising his clemency powers, the convening authority reduced the period of confinement to five months, but otherwise approved the sentence.

The appellant asserts that his pleas of guilty to the two specifications of indecent acts with a child are improvident because the military judge failed to explain the partial defense of voluntary intoxication. The appellant further contends that the convening authority erred in approving a sentence in excess of the terms of a post-trial agreement. We initially agreed with both assignments of error and issued an opinion to that effect on 31 March 1993. Upon request for reconsideration *en banc*, filed on 7 April 1993 by the government, we vacated our original opinion. *United States v. Giroux*, ACMR 9202119 (A.C.M.R. 22 April 1993) (order) (unpub.). We also granted the government's request for reconsideration, but the Suggestion for Reconsideration *En Banc* was not adopted.

We have reconsidered both assignments of error raised by the appellant. As to the first, we hold that voluntary intoxication is not a defense to the offenses of indecent acts with a child and the appellant's pleas of guilty are provident. As to the second, we hold that the convening authority's approval of a conditional request for defense delay was also a binding post-trial agreement to modify the adjudged sentence.

## I. Improvident Plea

During the providence inquiry concerning the two specifications of indecent acts with a child, the appellant provided a factual basis for each element of the offenses. However, he also stated that on the evening he committed these two acts, "We went out drinking, me and my wife and some friends." Additionally, the stipulation of fact used by the military judge during the inquiry included two references to the consumption of alcohol on that same occasion, in part, as follows: (1) "The Giroux's had been out for the evening and

returned [home]. SPC S and W arrived a short time later. All had been drinking and were intoxicated. The accused provided beers to [the baby-sitter and her sister]"; and (2) "Alcohol was usually consumed by the participants prior to and during the [sex] game...." Later, the appellant restated his alcohol consumption during the presentencing phase of the trial when the following colloquy took place between the appellant and his trial defense counsel:

Q: Do you think alcohol was a factor in this case?

A: Yes, sir, definitely.

Q: Do you think these things would have happened if you had not been drinking?

A: No, I don't, sir.

■ The offense of indecent acts with a child is a specific intent crime that, in this case, required proof that the appellant committed the indecent acts "with intent to gratify [his] ... sexual desires." Manual for Courts–Martial, United States, 1984, Part IV, para. 87b(1)(d) [hereinafter MCM, 1984]; *United States v. Bender*, 30 M.J. 815, 818 (A.C.M.R.1990).

■ Before accepting a plea of guilty, the military judge must conduct a searching and detailed inquiry of the accused to determine if he understands his plea, if it is entered voluntarily, and if the accused is in fact guilty of the charged offenses. *United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Where an accused's responses during the providence inquiry suggest a possible defense, the military judge must explain the elements of that defense to the accused. Rule for Courts–Martial 910(e) discussion [hereinafter R.C.M.]; *United States v. Johnson*, 25 M.J. 553, 554 (A.C.M.R.1987).

■ Voluntary intoxication, however, is not a defense. R.C.M. 916(1)(2); *United States v. Morgan*, 33 M.J. 1055, 1058 (A.C.M.R.1991); *United States v. Bell*, 34 M.J. 937, 948 (A.F.C.M.R.1992). Instead, evidence of any degree of voluntary intoxication may be introduced for the purpose of raising a reasonable doubt as to the

existence of specific intent. R.C.M. 916(1)(2). Voluntary intoxication is the description of the strategy of contesting the adequacy of proof on the element of intent. *United States v. Bell*, 34 M.J. at 948.

■ We have examined the providence inquiry in this case with great care, and we find no reason to set aside or reduce the findings with respect to the two specifications of indecent acts with a child. The appellant's responses during the inquiry on these two offenses clearly and often indicated that he had the intent to gratify his sexual desires. The contents of the stipulation of fact were consistent with this intent. Although evidence of voluntary intoxication was offered, we find that it was not sufficient to undermine the military judge's determination that the appellant had the specific intent to gratify his sexual desires. Accordingly, we find that the appellant's pleas of guilty to the two specifications of indecent acts with a child were provident.

## II. Post-trial Agreement

Between the date of trial and action by the convening authority, the trial defense counsel submitted a "Conditional Request For Delay" to cover a portion of the time between the preferral of charges and the date of trial (Appendix). We accept the appellate defense counsel's view that the request was, in part, an attempt by the trial defense counsel to assist the staff judge advocate's office in reducing its processing time for this case. However, it is clear from the request that it was the trial defense counsel's intent to bargain for some type of relief for his client from the adjudged sentence in return for his assistance, *e.g.*, if the government was willing to modify the adjudged sentence, the appellant was willing to accept responsibility for either 37 or 72 days of processing time, depending on the nature of the sentence modification.

The appellant asserts that when the convening authority chose to approve the request for delay from 12 May 1992 to 22 July 1992 (72 days), rather than from 12 May 1992 to 17 June 1992 (37 days),[1] it triggered one of two possible *quid pro quo* contained in numbered paragraphs 1 and 4 of the request. The government contends that the convening authority approved a request for defense delay from 12 May 1992 to 22 July 1992, and that this approval did not include any *quid pro quo*.[2] In support of this position, the government submitted an affidavit by the staff judge advocate wherein he sought to briefly explain that the convening authority's approval of the delay was "unconditional."

We were not convinced that the ambiguity in the convening authority's approval, as it appears on the face of the request document itself, was adequately explained away by the staff judge advocate's affidavit. In our original opinion, we resolved this ambiguity in favor of the appellant and, due to the appellant's completion of the term of confinement, adopted in our decretal paragraph the conditional sentence option the trial defense counsel offered the convening authority in paragraph 4 of his conditional request for delay.

■ The staff judge advocate's subsequent memorandum, Government Appellate Exhibit 2, persuades us that our original decision on this assignment of error was correct. In the memorandum, the staff judge advocate admits that he failed to ensure that the convening authority's decision on the request for defense delay was not ambiguous. This memorandum also informed us that in a subsequent case three months later, where a similar conditional request for defense delay was submitted by a different trial defense counsel, the convening authority approved a decision option that clearly stated, "The Government does not grant contingent delays."

---

1. The Conditional Request For Delay document does not explain what pretrial events occurred on 12 May, 17 June, and 22 July 1992. The only date that corresponds to a documented pretrial event is 12 May 1992, the date the charges were preferred against the appellant.

2. The staff judge advocate's office deducted the 72 days between 12 May 1992 and 22 July 1992, in block 6 on the DD Form 490, Chronology Sheet, as delay at the request of the defense.

However, we note that the staff judge advocate's advice to the convening authority in the second case provided another decision option that granted the requested delay, but clearly did not obligate the convening authority to modify the adjudged sentence. That option stated, "The Government does not grant contingent delays. The Government does, however, without condition, grant the requested delay from 9 October 1992 to 4 December 1992." The convening authority's two decision options in the second case were both very clear to avoid any post-trial agreement and reject any *quid pro quo* on the part of the convening authority. Since the staff judge advocate and the convening authority failed to do the same in the instant case, we adhere to our original decision that any ambiguity, like in a pretrial agreement, must be resolved in favor of the appellant. *United States v. Davis,* 20 M.J. 903 (A.C.M.R.1985); *see Clay v. Woodmansee,* 29 M.J. 663 (A.C.M.R.1989).

■ For obvious reasons, we strongly recommend that convening authorities and staff judge advocates not entertain agreements of this nature in the future. Such agreements have no place in the post-trial administration of military justice. We also caution supervisory judge advocates against over-emphasizing the importance of court-martial processing time to their staff judge advocates. Trial defense counsel might be inclined to use such emphasis from a higher headquarters as leverage to gain some advantage for a client by submitting a conditional request for defense delay similar to the two that have appeared recently in the jurisdiction that tried this case.

We have carefully considered the other errors raised by the appellant, including those personally raised by him pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find that no relief is warranted.

The findings of guilty and only so much of the sentence as provided for confinement for five months and reduction to Private E1 are affirmed.

Senior Judge CREAN and Judge DELL'ORTO concur.

APPENDIX :

```
U N I T E D   S T A T E S         )
                                  )
              v.                  )          Conditional Request
                                  )              For Delay
GIROUX, MARK L.                   )
SPC, 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                  )
B Battery, 3d Bn, 1st FA          )
3d Infantry Division              )
APO AE  09139                     )          10 November 1992
U.S. Army                         )
```

*************************************************************************

1.  The defense requests delay in this case from 12 May 1992 until 22 July 1992.  This defense request for delay is effective only if the convening authority approves four months of confinement or less when taking action in SPC Giroux's case.

2.  If the convening authority approves five months of confinement or less but more than four months of confinement when taking action in SPC Giroux's case, the defense requests delay in this case from 12 May 1992 until 17 June 1992.  This request is effective only if the convening authority approves five months of confinement or less when taking action in SPC Giroux's case.

3.  In the alternative, if the convening authority disapproves SPC Giroux's bad-conduct discharge, the defense also requests delay from 12 May 1992 until 7 July 1992.  This request is effective only if the convening authority disapproves SPC Giroux's bad-conduct discharge.

4.  In the alternative, if the convening authority disapproves SPC Giroux's bad-conduct discharge AND approves five months of confinement or less but more than four months of confinement, the defense requests delay from 12 May 1992 until 22 July 1992.

5.  I can be reached at 460-7053/6684 if further information is required.

DANIEL K. POLING
CPT, JA
Defense Counsel

Request for delay from 12 May 1992 to 22 July 1992 is (approved)/(disapproved).

RICHARD F. KELLER
Major General, USA
Commanding