UNITED STATES, Appellee,

v.

Private E1 Jason G. JONES, 278–82–0759, United States Army, Appellant.

ACMR 9200791.

U.S. Army Court of Military Review.

5 May 1993.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

DE GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of missing movement through design, disrespect to a commissioned officer, failure to obey an order of a noncommissioned officer, malingering, and making worthless

checks with intent to defraud, in violation of Articles 87, 89, 92, 115, 123a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 887, 889, 892, 915, and 923a (1982). Contrary to his pleas, he was found guilty of conspiracy to malinger, in violation of Article 81, UCMJ, 10 U.S.C. § 881 (1982). He was sentenced to a bad-conduct discharge, confinement for six months, and forfeiture of $484.00 pay per month for six months. The convening authority approved the sentence.

Only two of the several errors asserted by appellant before this court will be discussed in this opinion. Appellant asserts that his plea of guilty to missing movement is improvident because the facts elicited during the providence inquiry failed to establish that the unit's move was substantial. He also asserts that he should have been granted additional credit toward his sentence to confinement because his pretrial confinement was not reviewed by a magistrate within 48 hours. We disagree and affirm.

As relates to the issue concerning missing movement, appellant disclosed during the providence inquiry that the movement was for a two-week exercise on Fort Richardson, Alaska. Appellant's unit was located at Fort Richardson, Alaska. He further disclosed that the exercise took place from five to ten miles from where the unit was normally located. One witness testified that the exercise took place in the unit's "backyard."

Appellant contends that the movement involved for this offense must involve a substantial distance, citing *United States v. Smith*, 2 M.J. 566 (A.C.M.R.1976). Appellant is correct in stating that, in *Smith*, the movement of a unit to a training area twelve miles from the units's permanent quarters did not constitute a substantial movement. In that case, appellant was awakened and told to report to the motor pool in one hour to participate in an on-post training exercise. The accused did not report to the motor pool but went to a scheduled mental hygiene appointment at the

hospital. The move was only for a two-day maneuver, some personnel remained at the unit's permanent location, and a shuttle bus was provided between the field site and the permanent location for people whose day duties required them to be at the permanent location. The court in *Smith* was unable to find from the facts that the accused committed the offense of missing movement. Citing *United States v. Kingsley*, 17 C.M.R. 469 (N.B.R.1954), the court stated, "Hard and fast rules relating to the duration, distance and mission of the 'movement' are not appropriate but rather those factors plus other concomitant circumstances must be considered collectively, in order to evaluate the potential disruption of the unit caused by a soldier's absence." *Smith*, 2 M.J. at 568.

The military judge is required to question an accused to establish a factual basis for a plea of guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969). Where the factual basis is not established, the military judge must reject the pleas and enter a plea of not guilty to that offense. *Id.*

In the case before us, we can determine from the evidence of record that the exercise took place in Alaska. The exercise was of at least two weeks' duration. It was during winter and many soldiers did not want to go to the field because "winter field problems are pretty miserable." We recognize the potential impact on other soldiers when other members absent themselves without proper authority from unpleasant duties. Although some of the factual basis was established outside the providence inquiry, it is contained within the record of trial. We believe that we are not limited to the providence inquiry but can consider evidence in the record to determine if there is a factual predicate for a plea of guilty.[1] To do otherwise would ignore the prohibition of Article 59(a), UCMJ, that a finding cannot be held incorrect on the ground of error in law unless the error materially prejudices the substantial rights of the accused. We are con-

---

1. Military judges should remain cautious in this area and should ensure that they establish a factual predicate during the providence inquiry on a plea of guilty.

vinced that the movement was substantial and that appellant's absence had sufficient potential to disrupt the unit. We hold that sufficient factors were present to support the pleas of guilty to missing movement under the specific circumstances of this case. The record of trial contains a sufficient factual basis to support the pleas of guilty. *See United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

Appellant also asserts that the military judge erred by failing to grant him credit toward his sentence to confinement because his pretrial confinement was not reviewed by a neutral and detached magistrate within forty-eight hours of his apprehension. *See County of Riverside v. McLaughlin,* — U.S. —, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *United States v. Rexroat,* 36 M.J. 708 (A.C.M.R.1992) (en banc). Although this matter was not raised prior to or at trial, appellant contends that the issue was not waived because trial defense counsel relied on erroneous information contained in a message issued by the Judge Advocate General of the Army. He cites for authority *Clay v. Woodmansee,* 29 M.J. 663 (A.C.M.R.1989). In that case, this court held that a waiver of appellate review would have no effect since it was induced by a promise for clemency and thus was not in substantial compliance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1110 [hereinafter RCM].

■ Waiver of appellate review has always been closely scrutinized and viewed with suspicion; agreements to waive appellate review are not permissible. *See United States v. Mills,* 12 M.J. 1 (C.M.A.1981). *See also* RCM 705(c)(1)(B). Unlike *Clay v. Woodmansee,* this case does not involve an agreement to waive appellate review. This court has held that failure at trial to raise the issue of timely review of pretrial confinement by a magistrate waives that issue. *See United States v. Rollins,* 36 M.J. 794 (A.C.M.R.1993); *See also United States v. Sanders,* 36 M.J. 1013, 1014–15 (A.C.M.R. 1993). We again apply waiver.

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.