SEFTON, Senior Judge:
We have examined the record of trial, the single assignment of error,[1] and the Government’s response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.
A military judge sitting as a special court-martial tried appellant on 4 and 18 November and 4 December 1996. Pursuant to his provident pleas of guilty, he was convicted of making a false official statement, four speeifi- *862 cations of wrongfully uttering checks, and a single specification of dishonorable failure to maintain sufficient funds, in violation of Articles 107, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 923a, and 934 (1994). He was sentenced to 4 months confinement, reduction to pay grade E-l, and a bad-conduct discharge. In accordance with the terms of his pretrial agreement, the convening authority suspended all confinement beyond 45 days, but otherwise ordered the sentence executed.
Appellant assigns as plain error the staff judge advocate’s erroneous statement in his recommendation [hereinafter SJAR] that appellant’s prior creditable military service was for a period of 2 years and 1 month, rather than the more than 6 years which appellant had actually served. He asks that we set aside the convening authority’s [hereinafter CA] action and order a new SJAR and CA action. We decline to grant the relief requested.
That the error occurred is beyond cavil. The Government does not contest the accuracy of appellant’s assertion of error in the SJAR. On the other hand, however, appellant does not claim to have objected to it when the opportunity was presented him below. Thus, while we note a failure to comply with Rule for Courts-Martial 1106(d)(3)(C), Manual for Courts-Martial, United States (1995 ed.) [hereinafter R.C.M.], we would normally, in the absence of plain error, find waiver of that defect under R.C.M. 1106(f)(6). See United States v. Olano, 507 U.S. 725, 733-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Toro, 37 M.J. 313, 316 (C.M.A.1993)(applying the Olano standard to military practice). We find the first two prongs of the plain-error standard have been fully met (there was error, and the error is plain). We decline to provide relief because appellant has not sufficiently demonstrated prejudice to a substantial right which overcomes his failure to record his objection in a timely manner.
We note, however, that with alarming regularity, inaccurate SJAR data is being provided to convening authorities as they prepare to take action on courts-martial under their cognizance. This indicates a lack of attention to detail by those tasked with preparing and executing this important post-trial function. Under the circumstances of this case, however, we are confident that the convening authority was aware that appellant had served longer than the SJAR indicated in the portion containing what we assume is a scrivener’s error in transcription or a word processor juxtaposition. The SJAR listed the Good Conduct award, indicating at least 3 years of unblemished service.
The convening authority specifically noted the award of the Good Conduct Medal in his action, and as an experienced field grade officer in command, we are willing to presume his awareness of the length of service required to receive that award. Additionally, appellant’s pretrial negotiations, which resulted in a favorable pretrial agreement, also give us confidence that the convening authority was quite personally familiar with appellant and his career. Likewise, appellant’s spouse’s letter, submitted with his clemency package (noted as having been considered prior to the action) clearly indicates a personal familiarity with both appellant’s military and personal situations, including his prior honorable service and longevity.
Appellant himself provided evidence as to the length of his service as part of his unsworn statement. His service record was in evidence as a trial exhibit. We would not even be faced with this question, and find ourselves in the position of having to cobble together sufficient evidence to allay any fear of substantial prejudice, if the convening authority had only considered the record of trial in taking his action, see Record at 7; Prosecution Exhibit 1 at 1,4,10, and 14. We have earlier recommended such consideration, which, although not required, remains a good tool by which a convening authority can remain in touch with the military justice process within his or her command. We continue to commend such consideration as a wise idea.[2]
*863 Appellant did not raise the convening authority’s purported order executing the bad-conduct discharge to which appellant was sentenced at trial. This was also error. We are confronted with yet another internal inconsistency, since the SJAR clearly informed the convening authority that he could not order the bad-conduct discharge executed. While this order is a nullity, it provides another example of a failure on the part of those who prepared the convening authority’s action to ensure its correctness. United States v. Pilkington, 48 M.J. 523, 526 (N.M.Ct.Crim.App.1998).[3]
Accordingly, we affirm the findings of guilty and the sentence, as approved on review below.
Chief Judge OLIVER, and Judge ANDERSON concur.

. THE STAFF JUDGE ADVOCATE COMMITTED PLAIN ERROR WHEN HE ERRONEOUSLY SUMMARIZED APPELLANT'S LENGTH OF SERVICE AS TWO YEARS, ONE MONTH, WHEN IN FACT APPELLANT HAD BEEN IN THE MARINE CORPS FOR OVER SIX YEARS PRIOR TO THE DATE OF THE STAFF JUDGE ADVOCATE’S RECOMMENDATION.

. We likewise once again admonish those who prepare post-trial actions to do so with the utmost care and attention to detail, so that inaccuracies do not creep into the process and cause *863 unnecessary and unwarranted expenditure of appellate resources. We also remind trial defense counsel to review these documents for accuracy and completeness lest they waive the significant appellate issues by failing to note their objections.

. We closely approach the threshold of returning this case for a new SJAR and convening authority’s action based upon the coalescence of so many nettlesome, if individually insubstantial, errors. We do not do so only because we find no prejudice to appellant's substantial rights to have occurred, and choose not to exercise our power to return this record purely to emphasize our frustration.