**UNITED STATES, Appellee,**

v.

**Sergeant Jamie F. GRAHAM, 009–34–0409, United States Army, Appellant.**

**ACMR 9102685.**

U.S. Army Court of Military Review.

12 May 1993.

For Appellant: Captain Lawrence W. Andrea, JAGC (argued); Major Robin L. Hall, JAGC (on brief).

For Appellee: Captain Richard O.I. Brown, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before GRAVELLE, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

The appellant was found guilty, contrary to his pleas, by an officer-member general court-martial, of desertion, making a false official statement, larceny of currency, and two false pass offenses, in violation of Articles 85, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 907, 921, and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, a fine of $5,769.67, and if the fine is not paid, then an additional two years' confinement, and reduction to Private E1.

The appellant asserts that the evidence is legally and factually insufficient to support the findings of guilty of desertion; and

that he should receive five days' additional credit for pretrial confinement because of a untimely magistrate's review.[1] We agree as to the first issue, but affirm findings of guilty to the lesser included offense of absence without authority. We disagree as to the second issue.

The appellant was a member of the 420th Military Police Company, United States Army Reserve, ordered to active duty with his unit for Operation Desert Shield/Storm. He served with his unit in Saudi Arabia. Upon completion of Operation Desert Storm, the appellant returned to Fort Lewis, Washington, in May 1991 for medical treatment, ten days ahead of his unit. He had orthoscopic surgery on his knee, went on one week's convalescent leave to his family home in Vermont, and returned to Fort Lewis in late May 1991 in time to meet his unit upon its return from Saudi Arabia. While his unit was outprocessing, the appellant had his company commander sign a leave form granting him convalescent leave for sixty days. He also signed his company commander's name to a second leave form granting him an additional 180 days of convalescent leave. The appellant returned to Vermont. The appellant's treating physician, another doctor working with the treating physician, the ward nurse, and the personnel specialist working the appellant's file, all testified that the appellant could not be granted more than thirty days convalescent leave without the permission of the hospital commander. The doctors also testified that the appellant's injury did not require more than a few days of convalescent leave.

The personnel system initially lost accountability of the appellant because of the rush to outprocess units returning from Saudi Arabia. When the system finally caught up with the appellant in July 1991, he was automatically transferred to the Mobilized Personnel (MOBPERS) Holding Company and the transfer was backdated to the day of the appellant's release from the hospital in May 1991. Individuals in the personnel system also discovered that the appellant was still drawing full pay and allowances after his unit had demobilized. Subsequent checks of the system revealed that the appellant was listed as being on active duty but not at Fort Lewis or with his unit at its home station of Bozeman, Montana. The administrator of the appellant's Reserve unit located the appellant at his parents' home in Vermont and directed the appellant to return immediately to Fort Lewis to clear up the confusion surrounding his absence. An agent of the Criminal Investigation Command (CID) also contacted the appellant on multiple occasions and told him to return to Fort Lewis. The agent testified that in a subsequent telephone call initiated by the appellant from a location he would not disclose, the appellant threatened to go to Canada rather than return to Fort Lewis. The appellant testified that he mentioned Canada to the CID agent only to indicate that Canada was a place where he could catch a plane to Fort Lewis. The appellant was subsequently apprehended a few days later by local police at his girlfriend's residence in Hopkins, Minnesota.

■ The appellant contends that there is no evidence that he left his unit with the intent to remain away permanently. The government relies heavily on the appellant's mention of Canada to the CID agent to show the intent to remain away permanently. The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the government, any trier of fact could rationally find the existence of every element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A.1991). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making

---

1. At the invitation of the Commandant, The Judge Advocate General's School, and without objection of the parties, the court heard oral argument in this case at Charlottesville, Virginia, on 24 March 1993. The 130th Judge Advocate Basic Course, along with members of the 41st Judge Advocate Graduate Course and faculty and staff of the school, attended the oral argument.

allowances for not having personally observed the witnesses, this Court is itself convinced of appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

The crux of the offense of desertion is that the accused left his unit with the intent to remain away permanently. The only evidence of intent presented by the government to remain away permanently is the statement to the CID agent of "Canada." Conversely, there is other evidence that the appellant wanted to stay in the Army. He had worked the system to wrongfully obtain convalescent leave and to be paid for this time, he had injuries that might warrant a disability retirement, and he had extended active and reserve service credit. Applying the *Turner* standard, we are not convinced beyond a reasonable doubt of the appellant's guilt of desertion. He had manipulated the system twice for his benefit, and he had no reason to doubt that he could again work his brand of magic to best the system for his benefit. We are, however, convinced beyond a reasonable doubt that the appellant did leave the Army, even though not a specific unit, without proper authority, from the time he left the hospital after completing his few days of authorized convalescent leave, on 29 May 1991, until apprehended on 9 October 1991.[2]

The appellant also asserts he is entitled to an additional five days' credit for pretrial confinement because a magistrate's review of his pretrial confinement was not conducted within five days. *United States v. Rexroat*, 36 M.J. 708 (A.C.M.R. 1992). We have held that if the timeliness of the magistrate's review is not raised at trial, it is waived. *United States v. Sand-*

ers, 36 M.J. 1013, 1015 (A.C.M.R.1993). We have reviewed our rationale in *Sanders* and continue to hold that the waiver doctrine applies. Since the timeliness of the magistrate's review was not raised at trial, that issue is waived on appeal.

We have carefully considered the issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), including the issue concerning the effective assistance of the appellant's trial defense counsel, as well as the affidavit of the trial defense counsel, and find that those issues are without merit.[3]

The Court affirms only so much of the findings of guilty of Charge I and its Specification as finds that the appellant did, on or about 29 May 1991, without authority, absent himself from the United States Army, and did remain so absent until apprehended on 9 October 1991, in violation of Article 86, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, and considering *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), and the entire record of trial, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, a fine of $5,769.67, and if the fine is not paid, then additional confinement for a period of two years, and reduction to Private E1.

---

2. The United States Army is an "organization" from which a servicemember can be absent within the meaning of Article 86, UCMJ. *Thomas v. Cheney*, 925 F.2d 1407 (Fed.Cir.1991); *United States v. Vidal*, 45 C.M.R. 540 (A.C.M.R. 1972). *See also United States v. Brown*, 24 C.M.R. 585 (A.F.B.R.), *pet. denied*, 24 C.M.R. 311 (C.M.A.1957).

3. We also note the appellant's lengthy and mercurial relationship with the military. He testified that while an enlisted sailor in the Navy, he

was convicted of two periods of absence without leave in 1970. During one of these instances of unauthorized absence, he fraudulently enlisted in the Army, for which he was also convicted in his Navy court-martial. In 1986, he was convicted in United States District Court for the Southern District of Texas of falsely impersonating an Army officer for his attempt to obtain unwarranted military benefits. His sentence for that offense included three years' imprisonment.